## LEWIS a. VARNUM.

*New York Common Pleas; General Term, March,* 1861.

MODE OF TRIAL.—DISTINCTION BETWEEN EQUITABLE AND LEGAL ACTION.

An action to recover damages for a tortious conversion of property can be tried in no other way than by a jury, unless the parties waive that mode of trial in the manner prescribed by law.

The holder of a note, holding also collateral securities as a pledge for its payment, assigned the securities to a third party ;—*Held*, that the holder of the note, as well as such assignee of the securities, was a necessary party to the debtor's action for an accounting.

Where, in such case, the holder of the note was not made a party,—*Held*, that the court had no power to render judgment for damages against the assignee of the securities, as if the action had been of a legal and not an equitable nature.

The various remedies of the debtor against one or both of the other parties to such a transaction, stated.

Appeal from a judgment.

One Nathaniel Brown, being indebted to Calvin W. How in 1845, deposited with him, as collateral security for the payment of two notes at twelve months, nineteen certificates of the Illinois and Michigan Canal Company, and one certificate of State indebtedness, then valued by Brown and How at thirty-five cents per dollar.

At the maturity of the notes in 1846, Brown deposited, as further collateral security, two other certificates of a different character. By the instruments passing between Brown and How, it was provided that in case of non-payment at maturity, or within thirty days thereafter, How was authorized to sell the canal scrip at the market price. In April, 1845, How, in consideration of $800, transferred to Varnum, the defendant in this action, all his right, title, and interest in the securities so deposited, with notice of the peculiar character of his title. How did not transfer the note as collateral to which these securities were held by him, but only the securities.

The defendant, shortly after May 5, 1848, advertised and sold the same at auction, buying them himself, being the highest bidder.

In January, 1854, Brown demanded of the defendant the several securities, offering, in writing, to pay the amount due on the notes, but tendering nothing; he likewise demanded an account, if any of the securities had been redeemed, but defendant rendered none.

Previous to the commencement of the action, the two securities of 1846 had been redeemed by the State of Illinois, and paid in full to the defendant. None of the other securities had been paid or redeemed; they remained the same as in 1845, when deposited.

Previous to the commencement of this action, Brown transferred to the plaintiff his claim to the securities.

The plaintiff commenced this action against the defendant Varnum without making How a party to the action. His complaint demanded that an account between the plaintiff and defendant be taken of the securities.

A case was agreed upon, raising the question whether an accounting could be had between the parties to the action; and the cause was brought on before the court without a jury. The court held that the action could not be maintained as an equitable action for an accounting, but that the facts shown would sustain a judgment for damages as in an action of tort; and the court gave such judgment accordingly. From this judgment the defendant now appealed to the court at general term.

*Mott, Murray & Harris*, for the appellants, among other points relating to questions not passed on by the court, made the following:—I. In its nature, and from the frame of the complaint, answer, and stipulation, the action is plainly an equity suit. As such it was tried. The judge turned it into an action at law for the recovery of damages, as for ·a tort, without the consent of the appellant, who never waived the right to try the action in that form before a jury, in consequence of which the record of judgment, upon its face, shows an excess of jurisdiction. (Salters *a.* Genin, 10 *Abbotts' Pr.*, 478; S. C., 3 *Bosw.*, 250–264; Reubens *a.* Joel, 13 *N. Y.* (3 *Kern*), 488–493; N. Y. Ice Co. *a.* North West. Ins. Co., 10 *Abbotts' Pr.*, 34.) Judgment should have been rendered for the appellant. 1. The decision of the court directs a judgment in tort, and the judgment-roll shows such judgment upon a complaint addressed to the equitable powers of the court, without any amendment. 2. The record of judgment, not conforming to the decision, should be vacated, and the judgment set aside. (N. Y. Ice Co. *a.* North West. Ins. Co., 10 *Abbotts' Pr.*, 34.)

II. The respondent had two forms of relief: 1. Contract (account or assumpsit). 2. Tort. He elected to hold the appellant responsible on contract, and filed his bill for accounting. He thereby elected this form of remedy, and waived the tort. (Lloyd *a.* Brewster, 4 *Paige*, 537; Cary *a.* Hotailing, 1 *Hill*,

Lewis *a.* Varnum.

311, 315; Whitney *a.* Allaire, 4 *Den.*, 554; Firemen's, &c., *a.* Cochran, 27 *Ala.*, 228; 1 *Hill. on Torts*, 44, 47; Maxwell *a.* Farnam, 7 *How. Pr.*, 236.)

*H. P. Fessenden*, for the respondent.

By the Court.*—Daly, F. J.—I agree that the transaction was not a mortgage but a pledge, and that How could not sell or dispose of the securities until payment of the note was demanded and refused. (Lewis *a.* Graham, 4 *Abbotts' Pr.*, 106; Wilson *a.* Little, 2 *N. Y.* (2 *Comst.*), 443; Stearns *a.* Marsh, 4 *Den.*, 227; *Edw. on Bailm.*, 248.) If the note had been transferred to the defendant along with the securities, an equitable action might be maintained to compel the defendant to restore the securities upon the payment of the principal debt, where he had refused to do so after an offer to pay the debt; or after a tender and refusal, an action of tort might be maintained for damages; or upon a tender of the amount of the debt to How, or upon the payment of the note held by him, an action for damages would lie against him upon his failure to restore the securities; or upon a tender of payment to How, an action for damages would lie against the defendant, after a demand and refusal on his part to return the securities, for, as he acquired no greater right than How possessed, he would be obliged to restore them when it became the duty of Brown to return them. But an equitable action for an accounting could not be maintained against the defendant unless How was made a party, as otherwise the respective rights of the different parties could not be adjusted. The action was brought for an accounting without joining How as a party defendant, and the judge very properly held that it could not be maintained in its form as an equitable action; but upon the facts stated in the pleading, and upon the authority of Marquat *a.* Marquat (12 *N. Y.* (2 *Kern.*), 336), he converted it into an action at law for the recovery of damages, and he gave judgment as in an action for tort. This, I hold, he could not do (Reubens *a.* Joel, 13 *N. Y.* (3 *Kern.*), 488; Fire Department of the City of N. Y. *a.* Harrison, 2 *Hilt.*, 455), as it involved a different mode of trial, and took away

* Present, Daly, F. J., Brady and Hilton, JJ.

from the defendant the right of trial by jury which is secured to a defendant in every such action by the Constitution. Unless the parties had waived that mode of trial in the manner prescribed by law, an action to recover damages for a tortious conversion of property could be tried in no other way. No such consent appears to have been given, and the judgment was therefore erroneous.

HILTON, J., concurred.