WILLIAM J. BLYDENBURGH, EXECUTOR, &c., APPELLANT,
v. HORACE THAYER, RESPONDENT.

*Non-negotiable chose—Assignee takes subject to all Equities.*

The assignee of a chose in action not negotiable takes subject to all equities, and can acquire no greater or other rights than those possessed by his assignor.

*G. Miller* for Appellant.

*Watson & Stone* for Respondent.

DAVIES, CH.J.    This action is brought to obtain a cancellation of a certain judgment against the Plaintiff's testator, now held and owned by the Defendant.    A correct understanding of the facts found by the referee will be more readily attained by reference to those stated in the pleadings, and not controverted.    The Plaintiff's testator made his certain note for the sum of $950, payable to the order of one Robert Stewart, and delivered the same to him. Stewart borrowed of one Amasa S. Foster the sum of $50, and transferred to him the said note as collateral security, before its maturity.

Foster commenced a suit upon the note, when over due, and recovered judgment therein against Plaintiff's testator.    Defendant sold to Stewart, the payee of the note, certain property, for which he took in payment an assignment of said judgment from said Foster, and which was procured from him by said Stewart as repayment to said Foster of the sum of $50, advanced by him to said Stewart, and the interest thereon, and the costs of said judgment.

The referee before whom the action was tried found as facts:

1. That the note upon which Foster recovered judgment against Blydenburgh was, before it was due, endorsed over by Stewart, the payee, as security for $50 borrowed money.

2. That the note was lent by Blydenburgh to Stewart for his accommodation.

3. That Stewart, at the time the note was given, was largely

indebted to Blydenburgh for money lent and money paid to his use, and such indebtedness still remains.

4. That the Defendant paid Foster his $50 with interest and costs when the judgment was assigned to him.

5. That such payment was made as part of the purchase money agreed to be paid to Stewart by the Defendant for the judgment, and the judgment was assigned to the Defendant by Foster at Stewart's request, and without any notice or knowledge on the part of either Foster or the Defendant that Blydenburgh had any defence or set-off against the judgment, or the demand on which it was recovered, and that the Defendant paid full value for the judgment. The referee thereupon gave judgment for the Defendant that the Plaintiff's complaint be dismissed with costs, and which judgment on appeal was affirmed at the General Term. Upon the facts found by the referee it is immaterial to inquire whether the Plaintiff's testator had a good defence to the action upon the note instituted by Foster. The interest of Foster in the note and judgment was only to the extent of the $50 advanced by him to Stewart, and the costs of the action; on payment of these sums to him by Stewart, he was entitled to a transfer of the judgment. Stewart was, therefore, the equitable owner of the judgment, subject to the lien of Foster thereon, and his interest therein to the extent of these amounts.

The referee found as a fact that the note was endorsed by Stewart to Foster, "as security for $50 borrowed money."

It then becomes necessary to inquire what were the equities between Stewart and the Plaintiff's testator. They are settled by the finding of the referee. He finds that the note was lent by Blydenburgh to Stewart for his accommodation, and that Stewart, at the time the note was given, was largely indebted to Blydenburgh for money lent and money paid to his use, and that such indebtedness still remains.

It is too clear to need argument or illustration or authority that Stewart could not enforce this judgment against the estate of the Plaintiff's testator. The next inquiry is, Does the Defendant, who is the assignee of Stewart of the whole judgment except as to

the amount paid to Foster, stand in any better position than Stewart? This question has been repeatedly answered by adjudications in this Court (Callanan *v.* Edwards, 32 N. Y. 483; Bush *v.* Lathrop, 22 N. Y. 535; Anderson *v.* Nicholas, 28 N. Y. 600; Beebe *v.* Bank of New York, 1 Johns. 529).

These cases all affirm the doctrine that the assignee of a chose in action not negotiable, takes the thing assigned subject to all the rights which the debtor had acquired in respect thereto prior to the assignment.

The assignee takes subject to all existing equities; and these on the part of the Plaintiff's testator were, that the judgment could not be enforced against him to the amount due to Foster, and which was paid to him.

Nothing was done by the Plaintiff or his testator which estops him from settling up these equities as against either Foster, Stewart, or the Defendant. The judgment was only available in the hands of either of them to the extent of the $50 advanced by Foster, and the interest thereon, and the costs of the action. On payment of these sums, the Plaintiff or his testator was entitled to have the judgment cancelled.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Reversed.