By the Court.—Sedgwick, Ch. J.
The loan made upon the pledged promissory notes, was not to be paid in parts or installments, from time to time. A legal and fixed characteristic of the loan was that it was to be paid or demanded, altogether, at one time.
The defendant, as the pledgee, had power to collect the notes as they respectively fell due (Wheeler v. Newbould, 16 N. Y. 392; Nelson v. Eaton, 26 Id. 410, 417). But this power of itself did not imply an accompanying power, to apply the proceeds of the collection to the satisfaction of the loan. To apply the proceeds, it was at least necessary that default should have been made in payment of the loan. The loan, however, was not payable at the time the defendant collected plaintiffs’ note, which formed part of the pledge. Indeed, before the defendant as pledgee would have power under the contract of pledging to apply the proceeds, it was necessary that notice should have been given to the pledgor to redeem (Lewis v. Varnum, 12 Abb. Pr. 305 ; Wilson v. Little, 2 N. Y. 443).
In the words of Chief Justice Thompson in Garlick v. James (12 Johns. 148): “The authority of the defendant, with respect to the note, could extend no further than to receiving the money due upon it, with *419 out first calling upon ‘ the pledgor ’ in some way to redeem. The money when received would be a substitute for the note and to be held upon the same terms and subject to the same rights and duties as the note.”
In January, 1874, the money collected upon the notes pledged, exclusive of the proceeds of plaintiffs?' note, were sufficient to pay the loan. At that time the' defendant had not called the loan or given notice to redeem. The plaintiffs before they paid their note notified the defendant of the facts and of their right; of course, this notice could not have diminished any previous right the defendant possessed ; on the other hand, however, it prevents the defendant from claiming that it gained any new right of application from the plaintiffs. The pledgors did not interfere, in any way, with the disposition to be made of the proceeds of plaintiffs’ note. The defendant received neither from the plaintiffs nor pledgors any implied authorization to-apply the proceeds as it pleased. The proceeds of all the notes therefore remained in defendant’s hands to bez applied as a pledge to the payment of the loan.
The plaintiffs’ note had been used as a pledge, without authority from them. If the pledgee was not a bona fide holder, the plaintiffs would have been entitled to recover possession of the note. Equitably, the proceeds of the note in the hands of the defendant stand in the place of the note (Blydenbnrgh v. Thayer, 3 Keyes, 293). Equitably, it was entitled to retain these proceeds only so far as was necessary to repay the- loan, the advance of which made it a bona fide holder. As it appeared that the defendant had no right to make an application of the proceeds of this note, before a time, when sufficient had been collected from the other notes to repay the loan, the plaintiffs were entitled to the proceeds of their note.
' It is claimed, however, that as the plaintiffs paid the note in regular course of business, it was such a *420 voluntary payment that it cannot be recalled. To preserve the plaintiffs’ rights, it is not necessary to think of the payment as being affected or recalled, but only that the right of the defendant to the money paid, is shaped by the right the defendant had in the note. That is, the defendant did not take the proceeds of the note as absolute owner of the note, but as pledgee, having certain rights to the proceeds, to the extent that it was a bona fide holder. The loan had been made upon all the notes. These notes in solido were primarily security for repayment. There was no advance upon this note by itself. Until it should appear to what extent the other notes could be collected, it could not be determined to what extent it was necessary to resort to the proceeds, of this note to protect the defendant as bona fide holder.
I am of opinion that the judgment should be affirmed, with costs. '
Freedman, J. concurred.