JOHN V. FARWELL et al., Respondents, *v.* THE IMPORTERS AND TRADERS' NATIONAL BANK OF NEW YORK, Appellant.

Plaintiffs made their promissory note payable to their own order, which they indorsed and delivered to B. & H., brokers, to sell. Said brokers, without plaintiffs' knowledge or consent, delivered said note, with others belonging to themselves, to defendant, as security for a call-loan. Before the maturity of said note plaintiffs notified defendant of their rights in respect to it ; they paid the note when due. At that time defendant had not received enough from the other collaterals to pay the loan, but thereafter did receive more than enough for that purpose. In an action for an accounting to determine defendant's rights to the proceeds of said note and to compel payment of any portion thereof not necessary to satisfy its lien thereon, *held,* that having received the note from the ostensible owners in ignorance of the plaintiffs' rights, defendant could hold the same as security, yet the right of property did not pass, but remained in plaintiffs, subject to defendant's lien, and while the latter, as pledgee, had the right to collect the note when due, as the loan had not been paid, the money collected remained as substitute for the note and subject to plaintiffs' equities, the same as if the note itself had remained uncollected ; that after the notice plaintiffs stood as mere sureties for the loan, to the extent of their note, and before resort was had thereto could compel the application of the proceeds of the securities belonging to B. & H., and when sufficient was received therefrom to satisfy defendant's claim, the proceeds of the note were released from the lien, and plaintiffs were entitled to recover the same.

Also *held*, that as the cause of action was one for equitable relief, defendant was not entitled to a jury trial.

Also *held*, that assuming that B. & H. were necessary parties (as to which *quære*) the objection was not tenable, not having been taken by answer or demurrer.   (Code of Procedure, § 148.*)

(Argued October 26, 1882 ; decided December 12, 1882.)

---

*See Code of Civil Procedure, § 499.

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 13, 1881, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term. (Reported below, 15 J. & S. 409.)

This action was brought for an accounting in respect to certain collaterals pledged to defendant as security for a loan, including a note executed by the plaintiffs and that defendant be required to pay out of the surplus proceeds of said collaterals remaining after payment of defendant's claim the amount collected on said note.

At the opening of the trial defendant moved that the same be tried by a jury, which motion was denied.

Prior to the 11th of September, 1873, the plaintiffs made their promissory note for $6,521.30, due December 8, 1873, payable to their own order, which they indorsed and placed in the hands of Berry & Heiser, brokers, to sell at a rate of discount not exceeding eight per cent per annum. For making such sale the brokers were to receive a commission of one-fourth of one per cent. Berry & Heiser in violation of their duty as brokers, without the knowledge or consent of the plaintiffs, and in fraud of their rights, on or about the 11th of September, 1873, delivered the note, together with other notes not belonging to the plaintiffs, amounting in the aggregate to $59,726.88, to the defendant as security for the payment of a loan of $50,000 then made by the defendant to said Berry & Heiser. Said loan was payable whenever the defendant should request the same, being what is usually known as a loan on call. The money obtained upon said hypothecation was applied by said Berry & Heiser to their own use, and no part thereof was received by the plaintiffs. Said collateral notes matured at various dates during the months of September, November and December, 1873, and January, 1874. It was not till January, 1874, that the defendant realized and received the amount of its said loan and interest fron said collaterals exclusive of plaintiffs' said notes. On the 25th of November,

1873, and before the maturity of their note the plaintiffs notified the defendant of their rights in respect to it, and claim. The plaintiffs' note was payable at the Metropolitan Bank in the city of New York, and when it matured it was paid to defendant by that bank out of plaintiffs' funds on deposit there. All the collateral notes deposited as security for such loan were paid as the same matured from time to time, and the defendant has received enough from said collateral notes other than plaintiffs' note to pay the said $50,000 in full, with interest. At the time, however, when plaintiffs paid their note, less than $30,000 had been received upon the other collaterals. Plaintiffs brought their action against the defendant. to recover the amount collected and received upon the plaintiffs' note. The case was tried before a referee, upon whose report judgment was entered for the plaintiffs for the amount claimed. The judgment being affirmed at General Term, the defendant appeals to this court.

*A. J. Vanderpoel* for appellant. Independent of the pledge and of the agreement, by the law merchant, the defendant as bankers had a general lien upon all the notes, bills and securities deposited with them by Berry & Heiser for the balance due to the bank on general account. (*Brandao* v. *Barnett,* 12 C. & F. 787; *Davis* v. *Bowsher,* 5 T. R. 488; *Jourdaine* v. *Lefevre,* 1 Esp. 66; *Bolland* v. *Bygrave,* 1 Ry. & Mood. 271; Story on Agency [9th ed.], § 380; 3 Pars. on Cont. 262; Smith's Merc. Law [2d ed.], 338, 339; *Jones* v. *Peppercorne,* 5 Jur. [N. S.] 140; *S. C.,* 28 L. J. Rep. [N. S.] 158; *Kelly* v. *Phelan,* 5 Dill. 228; *Bk. of Metropolis* v. *New England Bk.,* 1 How. [U. S.] 234; *London Chartered Bk. of Australia* v. *White,* 4 App. Cas. 413; *In re European Bk.,* L. R., 8 Ch. App. 41.) It was error to exclude the evidence offered by the defendant to prove that the proceeds of the note were actually and in good faith applied to the payment of the existing indebtedness of Berry & Heiser to the bank. (*Bk. of Salina* v. *Babcock,* 21 Wend. 499; *Bk. of Sandusky* v. *Scoville,* 24 id. 115; *Mohawk Bk.* v. *Corey,* 1 Hill, 513; *White* v. *Spring-*

*field Bk.*, 3 Sandf. 223 ; *N. Y. M. Iron Works* v. *Smith,* 4 Duer, 362 ; *Youngs* v. *Lee,* 12 N. Y. 551 ; *Boyd* v. *Cummings,* 17 id. 101 ; *Brown* v. *Leavitt,* 31 id. 113 ; *Pratt* v. *Coman,* 37 id. 440 ; *Chrysler* v. *Renois,* 43 id. 200 ; *Justh* v. *Nat. Bk., etc.,* 56 id. 478 ; *Stevens* v. *Bd. of Education,* 79 id. 183 ; *Southwick* v. *First Nat. Bk., etc.,* 84 id. 434, 437.) The court erred in refusing to find as requested, that the plaintiffs' notice of November 23, 1879, could not create any new right in them, or deprive the defendant of any right which it then had as fixed on the 11th of September previous, and by the agreement of April, 1873, nor could it change the contract which the law made between Berry & Heiser, and the defendant. (*Collins* v. *Martin,* 1 B. & P. 651 ; *Wookey* v. *Pole,* 4 B. & A. 1 ; *Coddington* v. *Bay,* 20 Johns. 637 ; *Weaver* v. *Barden,* 49 N. Y. 286 ; *Comstock* v. *Hier,* 73 id. 269.) The general property which the pledgor retains is nothing more than a legal right to the restoration of the thing pledged on payment of the debt. (*Wilson* v. *Little,* 2 N. Y. 448.) The action is simply an action at law, and no accounting has been had or is necessary. (*Lynch* v. *Willard,* 6 Johns. Ch. 344 ; *Davis* v. *Morris,* 36 N. Y. 560, 572 ; *Hudson* v. *Caryl,* 44 id. 553 ; *Kaine* v. *Delano,* 11 Abb. [N. S.] 29.) Berry & Heiser not being parties or privies are not bound by the judgment in this action ; and as between them and the defendant, can litigate the very questions determined by that judgment. (2 Barb. Ch. 625–7–8 ; Story's Eq. Jur. [12th ed.], § 1526 ; *Hubbard* v. *Eames,* 22 Barb. 601, 602.) Regarding this action as equitable, it was not necessary to plead the nonjoinder. (Code, § 452 ; *Lewis* v. *Varnum,* 12 Abb. 305 ; *Wilson* v. *Scott,* 3 Lans. 308 ; *Davis* v. *Mayor, etc.,* 14 N. Y. 527, 528 ; *Shaver* v. *Brainard,* 29 Barb. 25, 26.) A creditor cannot reach any property of his debtor in the hands of a third party, even if a fraudulent grantee, who, as between him and the debtor, has a right to hold it, unless he first exhausts his remedy at law by judgment and execution against the debtor. (*Payne* v. *Sheldon,* 43 How. Pr. 1 ; *Dunlevy* v. *Talmadge,* 32 N. Y. 457 ; *Childs* v. *Brace,* 4 Paige, 309 ;

*McElwain* v. *Willis*, 9 Wend. 548.) · The plaintiffs' note was never converted by Berry & Heiser. ( *Wolfe* v. *Brower*, 5 Robt. 602; *Case* v. *Mechs.' B'k'g Ass'n*, 4 Comst. 166, 168; *Duel* v. *Spence*, 1 Abb. Ct. App. Dig. 559.) The plaintiffs have no right or equity to control the creditor's right. (Munger on Application of Payments, 75, 151; 5 Denio, 470, 476; 3 id. 284; 15 Wend. 20; *Harding* v. *Tifft*, 8 N. Y. W'kly Dig., No. 12, June, 1879.) When the defendant received the proceeds of the plaintiffs' note, *eo instanti*, the amount of the $50,000 was paid and extinguished, and irrevocably so. (*Marvin* v. *Vedder*, 5 Cow. 691.; *Champney* v. *Cooke*, 34 Barb. 539; *Fruscott* v. *King*, 6 N. Y. 147–149; *Banla* v. *Garmo*, 1 Sandf. Ch. 383.) The payment by the plaintiffs of their note was a voluntary one. (*Fleetwood* v. *The Mayor, etc.*, 2 Sandf. 475; *Forrest* v. *The Mayor, etc.*, 13 Abb. 350; *N. Y. & H. R. R. Co.* v. *Marsh*, 12 N. Y. 308.) Defendant had a right to the money, and as an incident, to use it, to spend it. This being so, a trust of the proceeds cannot co-exist with the right to use the money. (*McBurney* v. *Martin*, 6 Robt. 508, 509; *Bussing* v. *Thompson*, 15 How. Pr. 97.)

*M. W. Divine* for respondents. Defendant is not entitled to retain the proceeds of plaintiffs' note by reason of any pretended application of such proceeds which defendant may have assumed to make. (2 Parsons on Contracts [5th ed.], 631; *Waller* v. *Lacey*, 1 M. & Gr. 54; 39 Eng. Com. Law Rep. 357–359; *Moody* v. *Andrews*, 7 J. & S. 302; *Strong* v. *Mechs.' Nat. Bk.*, 45 N. Y. 718; *Wilson* v. *Little*, 2 id. 443; *Comstock* v. *Hier*, 73 id. 269.) When defendant collected the amount of its loan from the collateral, other than plaintiffs' note, it should have returned to plaintiffs the amount of their note. (*Comstock* v. *Hier*, 73 N. Y. 269; Story's Eq. Jur., § 633; *Ingalls* v. *Morgan*, 10 N. Y. 178; *Ex parte Alston, In re Holland*, 4 Eng. L. R., Ch. App. 168; *Broadbent* v. *Barlow*, 3 De Gex, F. & J. 570; *Gould* v. *Central Trust Co.*, 6 Abb. N. C. 381; *Watson* v. *Cabot Bank*, 5 Sandf. 423; *Bay* v. *Coddington*, 5 Johns. Ch. 54; *Coddington* v. *Bay*, 20

Johns. 637; *Stalker* v. *McDonald*, 6 Hill, 93; *More* v. *Ryder*, 65 N. Y. 438.) Defendant's claim that the payment of plaintiffs' note was voluntary constitutes no defense to this action. (*Watson* v. *Cabot Bk.*, 5 Sandf. 423.) Defendants were not entitled to a jury trial. (*Ludlow* v. *Simond*, 2 Caine's Cases, 1; *Post* v. *Kimberly*, 9 Johns. 470; *Duncan* v. *Lyon*, 3 Johns. Ch. 351; *N. Y. Ins. Co.* v. *Roulette*, 24 Wend. 505; *Whiton* v. *Spring*, 74 N. Y. 169–174; *White* v. *Medway*, 2 Edwards, 486; *Saley* v. *Elmore*, 2 Paige, 497; *Mayne* v. *Griswold*, 3 Sandf. 463.) Berry & Heiser were not necessary parties; even if they were, plaintiffs have waived objection on this point. It should have been taken by answer or demurrer. (Code, § 148; *Fosgate* v. *Herkimer, etc., Co.*, 12 N. Y. 580.) Plaintiffs were not bound to exhaust any remedy which they might have against Berry & Heiser before bringing this suit. (*Coddington* v. *Bay*, 20 Johns. 637; *Weaver* v. *Barden*, 49 N. Y. 286; *Comstock* v. *Hier*, 73 id. 269; *Spraights* v. *Hawley*, 39 id. 441; *Ballard* v. *Burgett*, 40 id. 314.) Defendant cannot be held to be a holder for value. (*Wardell* v. *Howell*, 9 Wend. 170.)

TRACY, J. There can be no doubt that Berry & Heiser were guilty of a conversion of the plaintiffs' note. They were employed as brokers in commercial paper to sell the note at a discount not exceeding eight per cent, for which service they were to be paid a commission of one-quarter of one per cent. Had they sold the note, the proceeds thereof would have been the property of the plaintiffs. They did not sell it, but pledged it to the defendant, together with a large number of other notes, amounting to about $60,000, for a loan of $50,000 to themselves. Being the ostensible owners of the note they could undoubtedly pledge it for a loan, and the pledgee accepting the same, in ignorance of the circumstances under which it was held, would be a good faith holder to the extent of the money advanced on the faith of the note. But the defendant did not thereby become the owner of the note. The right of property does not pass to the pledgee, but remains with the

pledgor, subject to the lien of the former. (*Wheeler* v. *Newbould*, 16 N. Y. 398.) Upon payment of the loan the pledgor would be entitled to the possession of the note. (*Wilson* v. *Little*, 2 N. Y. 448.) Had Berry & Heiser paid off and discharged the loan at any time before the payment of the plaintiffs' note there can be no doubt, under the facts disclosed in this case, but that the plaintiffs would have been entitled to the possession of the note in question. The defendant, as pledgee, had power to collect the notes as they respectively fell due (*Wheeler* v. *Newbould, supra*, 16 N. Y. 392 ; *Nelson* v. *Eaton*, 26 id. 416), but the money thus collected would stand as a substitute for the notes upon which it had been received. "The possessor of negotiable paper has no better or other title to the proceeds arising from the sale thereof than to the paper itself, and if he has no title to the latter he can be compelled to account to the true owner of the proceeds." (*Comstock* v. *Hier*, 73 N. Y. 269 ; 29 Am. Rep. 142 ; *Garlick* v. *James*, 12 Johns. 148.) The plaintiffs waived none of their rights by paying the note at the time it fell due. At that time less than $30,000 had been received by the bank on other collaterals held as a security for the loan. The bank had a right to collect the note, because it was not then known that the entire amount of the plaintiffs' note would not be required to satisfy the debt due the defendant. Previous to the payment, however, the defendant had been informed by the plaintiffs of the true situation of the case and their claim upon the note.

It was argued at great length by the learned counsel for the appellant that, upon the payment of the note, the bank had the right to apply it at once in part payment and extinguishment of the loan, and that such application having been made cannot be recalled. We think the defendant had no such right. Had the loan made by the defendant to Berry & Heiser been a time loan, maturing on a day certain, it is clear that the defendant would have had no right to apply the proceeds of the notes held as collateral in payment of the loan until it became due and payable, for the reason that the debtor could not be compelled to pay his debt before it fell due, nor could the creditor

be compelled to receive it. The same rule, we think, must apply to a loan payable on demand or upon call. In the absence of an agreement to that effect the debtor has no right to insist upon paying such a loan by installments. The entire loan was to be paid or demanded at one time, and until so paid the defendant had a right to continue to charge interest upon the entire amount of the loan.

In *Strong* v. *The Nat. Mechanics' Banking Association* (45 N. Y. 720), RAPALLO, J., assumes that a loan on call is not due until demanded. The law will not apply money received to the payment of a debt not due, nor can such an application be made, except by express agreement of the parties. In the absence of such an agreement the bank's only right was to collect the notes held as collateral as they respectively fell due and to hold the proceeds as a substitute for the notes collected. As we have seen, the only title or interest which the defendant had in the note or its proceeds was that of a pledgee, and as between the pledgor and pledgee the rule is well settled that, before the pledgee has the power to apply the proceeds of securities held as collateral, he must give the pledgor notice to redeem. (*Lewis* v. *Varnum*, 12 Abb. Pr. 305·; *Wilson* v. *Little*, 2 N. Y. 443, *supra ; Garlick* v. *James*, 12 Johns., *supra.*) In the case last cited Chief Justice THOMPSON says : " The authority of the defendant, with respect to the note, could extend no further than receiving the money due upon it without first calling upon the pledgor in some way to redeem. The money, when received, would be a substitute for the note, and would be held upon the same terms and subject to the same rights and duties as the note." It follows, therefore, that the defendant held the proceeds of· the plaintiffs' note, subject to the same equities in favor of the plaintiffs as would have existed if the note itself had remained uncollected till after the entire loan had been fully paid from the proceeds of the notes belonging to Berry & Heiser. It being proved and found that the fund which belonged to Berry & Heiser was amply sufficient to pay their loan in full, we think it clear that the proceeds of the plaintiffs' note became released from

the pledge to the defendant, and that the defendant became liable to pay the same to the plaintiffs. (*Comstock* v. *Hier*, 73 N. Y. 269; 29 Am. Rep. 142; Story's Eq Jur. 633; *Ingalls* v. *Morgan*, 10 N. Y. 178; *Broadbent* v. *Barlow*, 3 De Gex, F. & J. 570; 64 Eng. Ch. [Am. ed.] 570.) After the notice given by plaintiffs to the defendant November 25, 1873, plaintiffs stood as mere sureties for the loan to the extent of their note, and could compel the defendant to apply the proceeds of the securities belonging to Berry & Heiser to the payment of the loan before resorting to their note. (*Gould* v. *Central Trust Company*, 6 Abb. N. C. 381; *Watson* v. *Cabot Bank*, 5 Sandf. 423.) Berry & Heiser had no authority to pledge the plaintiffs' note in payment of an antecedent debt. The agreement of 1873 cannot, therefore, nor can the rule of the banker's lien, avail the defendant. (*Bay* v. *Coddington*, 5 Johns. Ch. 54; *Coddington* v. *Bay*, 20 Johns. 637; *Stalker* v. *McDonald*, 6 Hill, 93; *Moore* v. *Ryder*, 65 N. Y. 438; *Comstock* v. *Hier*, 73 id. 269; 29 Am. Rep. 142.)

The defendant was not entitled to a trial by jury. The cause of action made by the complaint was one for equitable relief. The object of the action was to ascertain by an accounting to what extent, if any, the defendant held a lien upon the proceeds of the plaintiffs' note to satisfy the loan made to Berry & Heiser, and to compel the defendant to account to the plaintiffs for any balance in its hands not necessary to satisfy such lien. Assuming that Berry & Heiser were necessary parties, which we do not decide, the objection should have been taken by answer or demurrer. (Code, § 148; *Fosgate* v. *Herkimer, etc., Manuf. Co.*, 12 N. Y. 580.) Nor were the plaintiffs bound to exhaust any remedy which they might have against Berry & Heiser before bringing this action. No action against a wrong-doer is necessary in order to lay the foundation of an action against one receiving from him. (*Spraights* v. *Hawley*, 39 N. Y. 441; *Ballard* v. *Burgett*, 40 id. 314.) It follows from the conclusions here reached that no error was committed by the court in the trial of this action,

in the admission or rejection of evidence, or in refusing to find as requested by the defendant.

The judgment should be affirmed, with costs.

All concur, except EARL, J., dissenting, · and RAPALLO, J., not voting.

Judgment affirmed.