By the Court.—Freedman, J.
The case is not one in which the defendant is entitled, as matter of right, to a trial of the issues by a jury (Farwell v. Importers & Traders’ Nat’l Bank, 90 N. Y. 483 ; Powell v. Waldron, 89 Id. 328). Nor can he insist upon a dismissal of the complaint upon the ground that the article to be accounted for or forming the subject of a controversy is a patented article. The controversy arises out of an express contract, and in such a case the state courts have full power and jurisdiction to determine all the issues and to grant the appropriate relief, although patent rights may come in question. This subject has been fully discussed in Hyatt v. Ingalls, decided at the present term of this court.*
*10 Upon an. examination of the whole case I am satisfied that no error was committed in the reception of evidence ; that the facts found are sustained by the proofs, especially as the defendant refrained from giving any evidence ; and that the plaintiffs are entitled to an interlocutory judgment in accordance with the findings of fact and the breaches of contract thereby established.
But the conclusions of law drawn by the learned judge below from the facts found and the judgment entered in accordance therewith, cannot be sustained in their entirety, because the plaintiffs thereby obtain relief both in rescission arid in affirmance of the contract. Upon this point I again refer to the case of Hyatt v. Ingalls. In the present case the complaint does not ask for a rescission, and upon the whole case it appears that the plaintiffs may be permitted to elect. They must therefore make their election.
If the plaintiffs elect to take a rescission, they can have no injunctive relief, because in such case the injunction would operate solely to prevent an infringement of the patent.
If they elect to take a judgment in affirmance of the contract, the rescission decreed must be stricken out, and then they may have an injunction restraining the defendant, his agents, &c., from using, putting in, or selling, or selling to put in, within the territory .covered by the contract and during the life of the patent and of any re-issue or extension thereof, any other oral annunciator except such as may be manufactured or furnished by Creighton or the Halls, provided there is no failure on the part of Creighton or the Halls in the fulfillment of the obligations of the contract on their part.
In either case the plaintiffs are further entitled, by way of incidental relief, to an assessment of damages up to the time of the entry of judgment. The accounting, as directed, is erroneous and must be stricken out. In the first place, it lays down an erroneous rule for measuring the damages in as much as the rule laid down makes no allowance for the cost of manufacture. In the second place the evidence *11 shows that all the.annunciators which the defendant had from Creighton or the Halls pursuant to contract, he has already paid for, and hence no accounting is necessary as to them. In the third place, as to all annunciators used, put in, sold, or sold to be put in, by the defendant which he, in violation of the contract, procured from outside parties, the plaintiffs are entitled to an assessment of the damages sustained by them in consequence thereof. In making this assessment the contract price of the anunciators undoubtedly will constitute an important element.which must be taken into consideration, but it does not constitute per se, the measure of damage. So upon such assessment an account may have to be taken of all annunciators used, put in, sold, and sold to be put in, by the defendant in violation of the contract, but such an account is then only a step in the assessment of the damages. The result of all this is, that the provision directing an accounting and the manner' thereof, should be stricken from the judgment, and that in place thereof, the referee should simply be ordered to assess and determine the damages sustained by the plaintiffs up to the time of the entry of the judgment by reason of the breaches of the contract committed by the defendant as set forth in the findings of fact. The change thus ordered should be without prejudice, however, to any special motion the defendant may see fit to address to the discretion of the court at special term, on showing cause therefor, to have the damages assessed by a jury instead of a referee.
The interlocutory judgment should be modified pursuant to the views expressed and as the plaintiffs may elect in accordance therewith, and, when thus modified, it should stand affirmed as modified, without costs to either party upon this appeal. All particulars to be settled on the settlement of the order to be entered hereon, of which notice is to be given.
Sedgwick, Ch. J., and O’Gorman, J., concur.

 49 Super. Ct. 375.