Vincent A. Lupiano, J.
The plaintiffs, Charlotte and Lee Mintz, copartners doing business as The Mint Factors, sue the defendant, George Kerr, for the nonpayment of a trade acceptance wherein defendant allegedly undertook to pay the sum of $660 on June 4,1955. Claiming themselves to be holders in due course, they press for payment.
*77 The plaintiffs are engaged in the business of commercial financing with offices in New York City. The defendant is the owner of the South End Garage in South Fallsburg, New York.
Plaintiffs claim that on or about May 4, 1955 Harvey Stern-man and Paul Landis, representing themselves to be connected with Goodyear Products Company, made and executed the controversial trade acceptance dated May 4, 1955 drawn on the South End Garage which the defendant accepted, thusly binding himself to pay the face amount thereof; that thereafter, on May 6,1955, the drawers indorsed the said instrument in blank and delivered same, for value, to the plaintiffs.
By the other side it is contended that on or about May 4, 1955 two persons representing themselves to be acting on behalf of the Goodyear Products Company offered to designate defendant as a distributor of its rubber compound for fixing and repairing tubeless tires, subject to company approval. The defendant denies that he signed a trade acceptance though he admits signing an application for a Goodyear agency.
If the defendant did not sign the trade acceptance, the plaintiffs, insofar as the defendant is concerned, are holders of an absolutely worthless piece of paper. If the defendant did knowingly sign the trade acceptance but was defrauded, the applicable defenses available as an immediate party against Sternman and Landis could be advanced against the plaintiffs, as well, granted they are not holders in due course. A fortiori if the plaintiffs are holders in due course, these defenses could not prevail against them.
The instrument herein on its face is a trade acceptance. In New York, decisions in accord with the weight of authority hold that trade acceptances are negotiable instruments. Every holder of a negotiable instrument is deemed, prima facie, to be a holder in due course (Negotiable Instruments Law, § 98), and the resultant presumption prevails until the maker thereof shows that it was obtained by fraud, duress or illegal consideration, or that the instrument was fraudulently conceived. Once this is shown the party suing must affirmatively show that he, or some person under whom he claims, acquired title as a holder in due course. (Negotiable Instruments Law, § 91.)
The showing made by the defendant was strong enough to cast upon the plaintiffs, in renewed manner, the burden of qualifying themselves as holders in due course. The testimony of defendant’s handwriting expert and defendant’s own testimony anent the initial transaction forces upon plaintiffs the necessity of affirmatively showing that the instrument was *78 taken from Stemman and Landis under conditions enumerated in section 91 of the Negotiable Instruments Law.
As to the making of the instrument: the fleecing gentlemen gave the defendant a fast and roseate talk of a fake distributorship ; the defendant with considerable alacrity signed the trade acceptance. This fictitious agency would have entailed the purchase of merchandise and the obligation to make payment in advance. Plaintiffs’ Exhibit 1, the trade acceptance, reflects the pace of this memorable occasion so revealed in the overwriting of defendant’s first name. Defendant makes much of this untidy signature. On the contrary, it helps his adversaries. It seems to me that if a job of outright forgery was relied upon or intended, the perpetrators (who seem to be old professionals as evidenced by two other victims they took in) would easily have forged and exploited a cleaner, better specimen of the acceptor’s signature. Furthermore, the defendant did receive some merchandise, which is indicial, if not substantial, of the statement in the trade acceptance: ‘ ‘ The transaction which gives rise to this instrument is the purchase of goods by the acceptor from the drawer.”
Defendant’s own testimony reflected the tight and narrow position he has taken, viz., he didn’t sign the trade acceptance but did sign a paper which he believed and still believes to be an application for an agency. At that, the defendant lacked the quality of positively identifying the admitted signature in the limited scope he claims it was done. In a word, it is difficult to believe the defendant, who can tell little of what he has done, or for whom he has done so little.
I am convinced that defendant’s signature on the instrument was made by the defendant. In concluding this, I have given credence to plaintiffs’ handwriting expert and have rejected the testimony given by the bank president who was presented by the defendant and who offered contrary but unconvincing evidence.
Any evidence pointing to plaintiffs’ knowledge of duplicity attaching to the trade acceptance falls short of its intended mark because such knowledge to contaminate the knower must be tantamount to bad faith and not merely suspicious. Therefore, the immediacy of the making and filing of the articles of partnership between Sternman and Landis and the other circumstances culminating in plaintiffs’ purchase of the trade acceptance are not sufficient to establish bad faith; conversely, the purchasers’ good faith has ample warrant in the evidence.
The remaining serious issue affecting the plaintiffs’ status as holders in due course is the condition of valuable considera *79 tion. Plaintiffs paid Sternman and Landis $1,577.50 for the instant trade acceptance and two others. Plaintiffs’ version as to payment actually made, when viewed in the orbit of their business, is not so inherently implausible as to merit rejection.
Combining the credible evidence, I find that the plaintiffs have sustained their burden by proving they were holders in due course when they took the trade acceptance. They are entitled, therefore, to recover of the defendant the sum of $660, with interest from June 4, 1955. In addition, as an expense entailed in the proof of the trade acceptance as a genuine instrument, the plaintiffs may further recover $100. The latter sum is a reasonable charge and I feel disposed, in my discretion, to grant same.
This award follows the procedure invoked under section 322 of the Civil Practice Act. Settle judgment accordingly.
Ten days’ stay; 30 days to make a case. Exhibits may be obtained at Trial Term.