Vincent A. Lupiano, J.
This is an action on a promissory note, tried by the court without a jury. The plaintiff, the Broad ■& Wall'Corporation, herein called Broad, sues for $75,000, plus interest, representing the amount of a negotiable promissory note held by Broad, which the individual defendants O’Connor and Woolworth made to the order of Sales Consultants, Inc., herein called Sales. The note, dated October 19, 1959, was payable on April 1, 1960, with interest at 4% per annum and was indorsed by Sales and delivered to Broad on November 23, 1959 by Sales as collateral security for a loan made by plaintiff to Sales on that date. The loan to Sales was in the face amount of $23,600, for which Sales gave Broad a series of promissory notes totaling $24,112, which sum reflects the principal sum of $23,600 and four promissory notes, for interest payments, each in the amount of $118, due respectively on December 23, 1959, January 23, I960, February 23, 1960 and March 23,1960 and one note in the amount of $40, due on April 1, 1960; all payable to the lender. Only the first two interest payments were made. Sales actually received moneys in the sum of $20,000. The principal note for $23,600 made by Sales to Broad was made on November 23, 1959 and was payable on April 1,1960. It was guaranteed by S. Gr. Fassoulis personally, who was the president of Sales.
The collateral note for $75,000, the subject of this action, was indorsed by S. Gr. Fassoulis as president of Sales; he also, individually, guaranteed the payment of said note. At the time the collateral note was indorsed and delivered to Broad, there were also delivered to it estoppel certificates executed by the defendants O’Connor and Woolworth, dated November 20, 1959, certifying that said note was a valid and subsisting obligation of the defendants, in full force and effect, wholly unpaid, and without offset or defense of any kind or nature.
Sales thereafter defaulted in payment of one of the series of interest notes. Thereupon Broad, pursuant to provisions of loan agreement from Sales, caused the collateral note to be sold at auction. Plaintiff bought the note at such sale for $10,000. Notice of the sale was given by registered mail to each of the defendants, to Sales and to S. G-. Fassoulis.
Preliminarily, the court considers the motion to dismiss made by defendants at the close of the plaintiff’s case grounded on failure to prove a prima facie case, upon which decision was reserved. Plaintiff’s prima facie case consisted of the offer and receipt in evidence, without objection, of the promissory note; executed estoppel certificates of the defendants; certificate of plaintiff qualifying it to do business in this State. Further, *410 the answer interposed herein admitted the execution and delivery by defendants of the promissory note sued upon; the indorsement and delivery of that note by the payee to the plaintiff prior to maturity; the presentment and nonpayment of the note; that no part of the note has been paid; and that plaintiff has possession thereof. The presentation, in these circumstances, meets the minimum requirements of proving prima facie cases on negotiable instruments (see Negotiable Instruments Law, §§ 50, 96; Gales v. Frank, 203 Misc. 902; Mintz v. Kerry, 7 Misc 2d 76). The motion is denied.
In this action plaintiff’s motion for summary judgment had been granted at Special Term for the full amount of the note in issue, but judgment was reversed by the Appellate Division (13 A D 2d 462), stating in part: “ On this rather incomplete and unsatisfactory record, a question of fact is • presented with respect to the defense of usury alleged in the first complete defense. The defense and the affidavit of Fassoulis allege he, and not Sales Consultants, Inc., is the borrower. Further, an issue of fact is presented with respect to privity. The defense of usury is personal to the borrower and is not available to these defendants if they were strangers to the allegedly usurious loan transaction. (Williams v. Tilt, 36 N. Y. 319, 325; Thorer & Hollander v. Fuchs, 241 App. Div. 359; Crittenden v. Barkin, 212 App. Div. 232, affd. 242 N. Y. 508.) We do not at this time decide whether plaintiff is entitled to recover the principal of the promissory note or whether recovery is limited to the amount of the loan thereby secured.”
In order to sustain the defense of usury raised by these defendants, the court must determine whether usury existed with respect to the underlying loan. In this aspect, there was some testimony that Fassoulis was told by one Sprung, plaintiff’s representative, that the plaintiff refused to make this kind of a loan to him individually, but would make a loan only to a corporation, and that the loan was to be collaterally secured.
Further, (Sprung, in advising Fassoulis of this situation, said: ‘ ‘ they could only make a loan to a corporation because it might be usurious ’ ’. It further appears that all the documents in relation to the loan were executed by the corporation. Payments prior to default were made by the corporation, and the proceeds of the loan were deposited in the account of the corporation.
The Court of Appeals in Jenkins v. Moyse (254 N. Y. 319, 324) spoke as follows: “ The test of whether this loan is usurious is whether it was in fact made to the plaintiff. Doubtless at times loans are made in fact to an individual though in form they are *411 made to a corporation to hide the fact that the lender has exacted an illegal rate of interest from the real borrower ’ The record shows that the loan was in fact made to Sales and not to the individual Fassoulis. Hence the defense of usury was not sustained. The court having reached the conclusion that the secured loan was not usurious as a matter of fact and law, the question of whether the instant defendants were in privity with the secured loan is immaterial.
From the facts adduced at the trial, the plaintiff was a “holder for value” pursuant to section 55 of the Negotiable Instruments Law and not a ‘ ‘ holder in due course ’ ’ pursuant to section 91 of the Negotiable Instruments Law. Therefore, the recovery will be limited, in these circumstances, to the amount of the loan thereby secured, based on my finding that the note in question was an accommodation note and the plaintiff had knowledge thereof (see Negotiable Instruments Law, § 53; Youngs v. Lee, 12 N. Y. 551; Blydenburgh v. Thayer, 3 Keyes 293; Jones v. Schreyer, 49 N. Y. 674; Gutman v. Schreiber, 173 App. Div. 670; Mersick v. Alderman, 77 Conn. 634).
I find from the fair preponderance of the credible evidence that the defenses interposed have not been established to defeat the plaintiff’s cause of action.
Accordingly, plaintiff is entitled to judgment in the amount of $23,600 with interest from January 24, 1960; interest on the secured loan having been paid for the period prior thereto.