EDGAR L. RIDGWAY, as Temporary Administrator of the Estate of
WILLIAM L. MULLER, Deceased, Respondent, *v.* CHARLES P.
BACON, Appellant, Impleaded with LEWIS M. SMITH, WILLIAM
FISKE and DOUGLAS BOARDMAN, as Executor of JENNIE McGRAW
FISKE.

*Assignment of a lien to be held as collateral security — right of the assignor to main-*
*tain an action for its enforcement — it is no defense that the promise secured is*
*negotiable — equity suit — parties — pleading — a single cause of action.*

One who has assigned a lien as collateral security, may, if he has an existing
interest in it, maintain an action for its enforcement, to which action the
assignee is a necessary party. The fact that the promise, which the lien was
given to secure the payment of, is negotiable is no defense to the action.

The complaint, in an action brought against Smith, Fiske and Boardman as execu-
tor to have it adjudged that a lien existed on a specific fund in the hands of
one of the defendants, for its enforcement out of that fund, to determine the
rights of two rival claimants to the lien, and for the recovery of a judgment
for any deficiency against the person who gave the lien as security for the per-
formance of his promise to pay a definite sum of money, alleged that there was
a fund in the hands of the defendant Boardman as executor, which belonged
to Fiske, who assigned a percentage thereof to Bacon; that thereafter Bacon
made his promissory note to the plaintiff's intestate for $25,000, and for the
purpose of securing the payment thereof assigned $25,000 of such fund to the
plaintiff's intestate. That, thereafter, the plaintiff's intestate made his promis-
sory note to the order of Smith for $5,000, which was indorsed by the payee
for the accommodation of the plaintiff's intestate by whom it was discounted.
That when such note was made and indorsed, Bacon executed and delivered to
Smith a statement that the $25,000 note given by him to the plaintiff's intestate
was for full value; that there were no offsets thereto, and that he had not made
any other transfers of his interest in such fund.

It also alleged that the plaintiff's intestate, to secure Smith for his indorsement,
delivered to him the $25,000 note made by Bacon and the assignment from
Bacon to the plaintiff's intestate. That the $5,000 note had been paid and that
the $25,000 note had not been paid. That Smith held the $25,000 note and the
assignment and refused to surrender them on the ground that he had a further
lien thereon.

*Held,* that the action was maintainable in a court of equity;

That there was but a single cause of action set forth in the complaint;

That all of the parties were necessary parties to the action.

APPEAL by the defendant Charles P. Bacon from an interlocu-
tory judgment of the Supreme Court in favor of the plaintiff,
rendered at the New York Special Term and entered in the office

of the clerk of the city and county of New York on the 25th day of April, 1893, and also from the decision and order made at the New York Special Term on the 4th day of October, 1892, overruling the defendant Bacon's demurrer to the plaintiff's complaint.

*Charles Donohue*, for the appellant.

*Sumner C. Chandler*, for the respondent.

FOLLETT, J. :

This is a very simple and common equitable action brought to have it adjudged that a lien exists on a specific fund in the hands of one of the defendants, for its enforcement out of that fund, to determine the rights of the two rival claimants to the lien, and for the recovery of a judgment for any deficiency against the person who gave the lien as security for the performance of his promise to pay a definite sum of money. Such an action may be maintained in a court of equity. (*Fletcher* v. *Morey*, 2 Story C. C. 555 ; Jones' Liens, §§ 43, 93 ; Pom. Eq. Juris. §§ 169, 170, 1237.) It is alleged that by final judgments of the courts of this State, and of the Supreme Court of the United States, there is a fund in the hands of the defendant Boardman which belongs to the defendant Fiske, who, September 4, 1889, executed and delivered to defendant Bacon an assignment of which the following is a copy :

" In consideration of legal services and money expended by Charles P. Bacon, now of the city of New York, in the action relating to the estate of the foregoing Jennie McGraw Fiske, which is now pending in the Supreme Court of the United States, I, Willard Fiske, of Ithaca, New York, temporarily sojourning in Florence, Italy, do hereby assign and transfer unto said Bacon thirty per cent of any and all moneys which may become due to and directed to be paid to me by any judgment in said action, or in any proceedings in the above-entitled matter in the Surrogate's Court of Tompkins county ; provided, however, that the said Bacon shall pay and satisfy any and all counsel fees and expenses incurred in my behalf in said litigation.

" Dated *September* 4, 1889. WILLARD FISKE."

It is further alleged that on the 24th of September, 1889, the defendant Bacon made and delivered his promissory note to Wil-

liam L. Muller, by which, for value received, he promised to pay Muller, or order, $25,000 six months after date, at the Farmers and Mechanics' Bank, at Elmira, N. Y., and that, for the purpose of securing the payment of said note, said Bacon executed and delivered to said Muller the following assignment:

"WHEREAS, an action is now pending on appeal in the Supreme Court of the United States in relation to the estate of and to the last will and testament of the above-named Jennie McGraw Fiske, and

"WHEREAS, I am the attorney of record in said action for Willard Fiske, one of the parties thereto, and

"WHEREAS, I am indebted unto William L. Muller for legal services rendered in said action, and for money advanced by him to me,

"*Now, therefore*, in consideration thereof, I do hereby assign, transfer and set over unto said William L. Muller the sum of twenty-five thousand dollars out of the amount coming to me in said action in pursuance of my agreement with said Willard Fiske in relation thereto (a copy of which said agreement and of the whole thereof is hereto annexed).

"And I hereby authorize and direct the executor of said estate, or the surrogate of Tompkins county, New York, or such other proper person or officer, to pay over to the said Muller, or his assigns, out of any moneys due and owing from said estate to said Willard Fiske, said sum of twenty-five thousand dollars.

"And I hereby authorize and direct said Muller to execute a receipt for said sum in his own name, which I do hereby declare shall be received by said executor or surrogate, or other proper person, and accepted by me as such attorney or assignee as a voucher and payment of said sum of twenty-five thousand dollars on account of any moneys out of said estate directed to be paid to Willard Fiske, or to me as his attorney or assignee, the same as though executed by said Willard Fiske, or by said Willard Fiske or by me as his attorney or assignee.

"Dated NEW YORK, *Sept.* 24*th*, 1889.

"CHARLES P. BACON."

It is also alleged that on September 24, 1889, said Muller made his promissory note whereby he promised to pay to the order of

defendant Lewis M. Smith $5,000, six months after date, which was indorsed by the payee for the accommodation of the maker, and was discounted for the latter at said Farmers and Mechanics' Bank. That when said last-mentioned note was made and indorsed, said Bacon executed and delivered to said Smith the following statement:

"I have given to W. L. Muller for full and valuable consideration, my note dated September 24, 1889, payable to his order, for $25,000, due in six months from said date, and as collateral thereto have executed to said William L. Muller the foregoing assignment.

"Now, therefore, in consideration of L. M. Smith, of Elmira, indorsing the note of said Muller for $5,000 and interest, dated September 24, 1889, and due in six months from its date, and receiving from said Muller my said note for $25,000, and said assignment as collateral security for said indorsement by said Smith, I do hereby declare that my said note to said Muller was given for full value, and that there are no offsets or defenses thereto, and further, that I have not made or executed any other transfer of any of my interest in said contract with said Fiske.

"Dated NEW YORK, *September* 24, 1889.

"CHARLES P. BACON."

It is also alleged that said Muller, to secure said Smith for his said indorsement, delivered to him said note made by Bacon for $25,000, and said assignment from Bacon to Muller, and that said note for $5,000 has been paid, and that the note of Bacon for $25,000 has not, which, with said assignment, said Smith now holds and refuses to surrender on the ground that he has a further lien on them. These facts constitute a good cause of action against Bacon for the enforcement of the lien and the recovery of a judgment for the deficiency, and the fact that Smith holds or claims to hold the note and assignment as collateral to some promise or liability of Muller is not a good defense in favor of Bacon. It has been long settled that one who has assigned a lien as collateral security, may, if he have an existing interest in it, maintain an action for its enforcement, and that the assignee is a necessary party to such an action. (*Norton* v. *Warner*, 3 Edw. Ch. 106; *Simson* v. *Satterlee*, 6 Hun, 305; affd., 64 N. Y. 657; *Burlingame* v. *Parce*, 12 Hun, 149; Jones Mort. §§ 1375 *et seq.*; Wiltsie Mort. For. §§ 14, 15, 79.) The

fact that the promise which the lien was given to secure the performance of, is negotiable instead of non-negotiable, is no defense to the action. There is but a single cause of action set forth in the complaint, and all of the parties are necessary ones. The learned counsel for the appellant urges that his client has no interest in the controversy between the plaintiff and Smith. That is clear, and it is equally plain that his only interest in this litigation is to pay, delay or escape payment of his debt. If he owes the debt, as he admits by his demurrer, he can escape all liability and trouble by paying the amount into court and let the other parties go on with their contest. If he have any defense it can be interposed, and the presence of the other parties to the action will in no way embarrass him. The original lien was created by Fiske, and the instrument by which it was created contains conditions, the non-performance of which may defeat the lien wholly or partly, and so he is a necessary party for the determination of all of the rights of the parties. The executor of the estate of Jennie McGraw Fiske is the custodian of the fund on which the liens are asserted to exist who should be bound by the judgment to pay the sum to the rightful owners. This action gives him knowledge of the claims of the parties, and he should have, and undoubtedly desires, the judgment of the court as to whom the fund belongs.

What we have written seems to us elementary law, and the only question is whether a party interposing a demurrer so plainly frivilous, should be permitted to plead anew. However, he may have some defense, total or partial, and so the judgment should be affirmed, with costs, and the demurrant given leave to answer on the payment of the costs included in the interlocutory judgment and the costs of this appeal within twenty days after notice of the entry of the order on this decision.

O'BRIEN and PARKER, JJ., concurred.

Judgment affirmed, with costs, and the demurrant given leave to answer on payment of the costs included in the interlocutory judgment and the costs of this appeal within twenty days after notice of the entry of the order on this decision.