(109 App. Div. 166.)

### WALSH v. WOARMS et al.

(Supreme Court, Appellate Division, Second Department. November 17, 1905.)

ACTION—RIGHTS ARISING AFTER COMMENCEMENT—ASSIGNMENTS—ACTIONS BY ASSIGNOR—REASSIGNMENT AFTER SUIT BROUGHT.

　　Where a claim existing in favor of plaintiff and against defendant was assigned by plaintiff, plaintiff could not successfully maintain an action on the claim, commenced while the assignment was in force, notwithstanding a subsequent reassignment of the claim to him.

Appeal from Queens County Court.

Action by Samuel Walsh against Albert L. Woarms and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

M. A. Lesser, for appellants.
John B. Merrill, for respondent.

RICH, J.  The plaintiff has recovered a judgment against the defendants for a balance claimed to be due him upon a contract to supply certain labor and materials to defendants, for which they promised to pay $320, and from that judgment this appeal is taken.

Before the commencement of this action, plaintiff sold and assigned to the Acme Security Company all sums of money due or to become due upon the contract, and the following notice thereof was served upon the defendants:

"Gentlemen: Please take notice that Mr. Samuel Walsh has this day assigned to the Acme Security Company, of 289 4th Avenue, New York City, the sum of three hundred and twenty dollars ($320), less such sum of money as may be withheld by D. S. Hess & Co. for labor furnished as per a certain contract existing between said D. S. Hess & Co. and Samuel Walsh for work and material to be furnished in the building cor. of 63rd street and Central Park West, known as the Ethical Culture Building, and that your indebtedness per said contract will be payable to the said Acme Security Company.
    "[Signed]                    Acme Security Company,
                                        "Per K. G. Nevin, Secty.
"Above O. K.
    "[Signed]            Sam Walsh."

It also appears that the claim in suit was subsequently, but not until after the commencement of this action, reassigned to the plaintiff.

We are not called upon to consider the relations existing between the plaintiff and the Acme Security Company.  The claim in suit was properly assigned to the company, and notice thereof was given to the defendants, and their failure to pay any one other than the assignee of the claim was excusable, and yet, because of their refusal to do so, they are charged with the costs of this action.  The judgment must be reversed, upon the ground that at the time of the commencement of the suit no cause of action existed in favor of the plaintiff, and the reassignment did not have the retroactive effect of creating one.  Ervin v. Oregon Railway & Nav. Co., 28 Hun, 269.

The judgment of the County Court of Queens county must be reversed, with costs.  All concur.