(110 App. Div. 791.)

ALEXANDER et al. v. CITY OF GLOVERSVILLE et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. EXEMPTIONS—PENSIONS—ASSIGNMENT—CLAIM TO PENSION CHECK—VALIDITY.
    Under Rev. St. U. S. § 4747 [U. S. Comp. St. 1901, p. 3279], providing that no money due any pensioner shall be liable to attachment, levy, or seizure under any legal or equitable process, but shall inure wholly to the benefit of the pensioner, etc., where defendants took possession of a pension check payable to plaintiff, after indorsement by her, and retained a certain portion of the proceeds thereof, plaintiff's assignment of her claim and cause of action arising from defendant's refusal to return such part of the proceeds was not prohibited.

2. PARTIES—COMMON-LAW ACTIONS.
    In a common-law action, one who has no right or title to sue cannot join as coplaintiff with others having such right.
    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, § 13.]

3. ASSIGNMENTS—ACTIONS—PARTIES—MISJOINDER OF PARTIES PLAINTIFF.
    Where plaintiff had transferred her entire cause of action to a coplaintiff prior to commencing the action, the complaint was demurrable for misjoinder of parties plaintiff.
    [Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Assignments, § 217.]

Appeal from Trial Term, Fulton County.

Action by Sarah E. Alexander, now Miller, and another against the city of Gloversville and another. From an interlocutory judgment overruling their demurrer to the complaint, defendants appeal. Reversed and demurrer sustained.

This action is brought for the conversion of a certain pension check, payable to the plaintiff Miller, for $282.80, and the proceeds of said check to the extent of $152,41. It is alleged in said complaint that on or about the 1st day of September, 1904, the defendants took, retained, and kept possession of said check, and that they refused and neglected to deliver to her said check and the moneys derived therefrom to amount of $152.41, and that after demand by her on December 24, 1904, the defendants withheld and deprived her of the proceeds of said check to the amount of said $152.41, and have ever since kept and retained the same. The complaint further alleges that on or about the 23d day of May, 1905, and before the commencement of this action, the plaintiff Miller duly assigned the said claim and cause of action as alleged in the complaint to the defendant Soules. The complaint demands judgment in favor of the plaintiff Anna E. Soules for said amount of $152.41, with interest from said 24th day of December, 1904. The defendants demurred to the complaint on the grounds, "first, that the complaint does not state facts sufficient to constitute a cause of action; second, that it appears on the face of the complaint that there is a misjoinder of parties plaintiff, in that the plaintiff Sarah E. Alexander, now Miller, is improperly joined with the other plaintiff Annie E. Soules, because she is shown to have no cause of action jointly with her, Annie E. Soules, but that the sole cause of action set forth in the complaint is shown to be in the other plaintiff exclusive of said Sarah E. Alexander, now Miller."

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

W. A. MacDonald, for appellants.

J. J. O'Shaughnessy, for respondents.

CHASE, J. From the complaint we conclude that the plaintiffs claim that the defendants took the pension check after the same had been indorsed by the plaintiff Miller, and then retained from the proceeds thereof, $152.41, and that nearly four months thereafter the defendants on demand refused to pay said balance to the plaintiff Miller. The alleged claim and cause of action arising from such refusal to return part of the proceeds of said check was one that could be assigned. It does not come within the terms of the prohibition contained in section 4747 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3279]. Farmer v. Turner, 64 Iowa, 690, 21 N. W. 140. In a common-law action, one who has no right or title to sue cannot join as coplaintiff with others who have such right. 15 Enc. Pl. & Prac. 527; Porter v. Mount, 45 Barb. 422. The plaintiff Miller having transferred the entire cause of action to the plaintiff Soules, the demurrer on the ground of a misjoinder of parties plaintiff was proper, and should have been sustained. Havana City R. Co. v. Ceballos, 49 App. Div. 263, 63 N. Y. Supp. 417.

The interlocutory judgment should be reversed, with costs, and the demurrer should be sustained, with costs. All concur.