SELLECK v. MANHATTAN FIRE ALARM CO.

(Supreme Court, Appellate Term. June 25, 1909.)

1. ASSIGNMENTS (§ 132*)—ACTIONS—ISSUES AND PROOF.
  In absence of any allegation in defense that plaintiff was not the real party in interest and had no title to the claim sued on, it was error to admit evidence of assignments thereof to third persons.
  [Ed. Note.—For other cases, see Assignments, Cent. Dig. § 227;. Dec. Dig. § 132.*]

2. ASSIGNMENTS (§ 34*)—ASSIGNMENTS BY PAROL.
  An assignment of a claim, even over $50, can commonly be made by parol.
  [Ed. Note.—For other cases, see Assignments, Cent. Dig. § 67; Dec. Dig. § 34.*]

3. ASSIGNMENTS (§ 60*)—CLAIMS ASSIGNED TO BANK AS COLLATERAL—REASSIGNMENT BY PAROL.
  A reassignment of claims assigned to a bank is commonly made by mere return of the papers, so that it was competent to show by parol a reassignment from a bank of a claim assigned to it as collateral security, and a writing to that effect was not indispensable.
  [Ed. Note.—For other cases, see Assignments, Cent. Dig. § 65; Dec. Dig. § 60.*]

4. PLEDGES (§ 16*)—EVIDENCE.
  Though an assignment of a claim to a bank was absolute in form, a collateral note is prima facie evidence that the assignment was collateral.
  [Ed. Note.—For other cases, see Pledges, Cent. Dig. § 26; Dec. Dig. § 16.*]

5. EVIDENCE (§ 20*)—JUDICIAL NOTICE—TRANSACTIONS OF BANKS AND MONEY LENDERS.
  Courts in a commercial town can take judicial notice that banks and other loaners of money take assignments of collateral absolute in form, while treating the assignor as a pledgee, and close the transaction by pushing back the papers, assignment and all, through the loan clerk's window on payment of the loan.
  [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 24; Dec. Dig. § 20.*]

Appeal from City Court of New York, Trial Term.

Action by George H. Selleck against the Manhattan Fire Alarm Company. From a judgment for defendant, dismissing the complaint, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

David Tim, for appellant.
Allen & Sabine (Yorke Allen, of counsel), for respondent.

MacLEAN, J.  As owner originally of one half and as assignee of the half of his brother, his former partner in the firm of G. H. Selleck & Co., the plaintiff brought this action in November, 1907, upon a claim of $1,803 for work, labor, services, and material performed and furnished for and on orders of the defendant between May 16 and July 1, 1902, in putting in ducts from private houses to the new positions of the city fire alarm boxes on corners of Broadway and 72d, 96th, 100th, and 110th, streets, New York.  In its answer, verified by its president, the defendant set up "no knowledge or information sufficient to form a belief as to the truth of" every allegation in the complaint, excepting its own incorporation, and with inconsistency, hardly tolerable to other than a corporation, alleged, also on information and belief, as separate defenses: (1) Payment to and acceptance by the plaintiff of $900 in full satisfaction and discharge of all his claims and demands; and (2) satisfaction and discharge of the plaintiff's alleged claim by payment.

Overruling the objections made, with exceptions taken, that the evidence was inadmissible, because the defendant had not pleaded that plaintiff was not the party in interest, the learned justice admitted in evidence an assignment by Selleck & Co. to the Sunswick Company of the claim in question on the date of September 9, 1907, and also an assignment under the same date by the Sunswick Company, through its president, the plaintiff herein, of the same claim to the United States Exchange Bank.  Then the plaintiff testified that there was executed and delivered to the bank, with the assignment, a demand note, in perhaps the most modern form of a collateral note, upon which Emily B. Selleck was indorsed as guarantor, and that the claim in question, with others, was assigned as collateral security for that loan, and later, on recall, that the Sunswick Company had reassigned the claim to him in November.  The latter statement the court struck out, upon the defendant's motion, because the plaintiff had not pleaded this assignment, holding—viewing—there was a difference as to the positions of the plaintiff and the defendant, in that, though the evidence of the assignment was admitted in evidence on the cross-examination by the defendant, although not pleaded, the plaintiff could not show the reassignment without pleading it, and then, after a statement by plaintiff's counsel that title in another person could not be proven without pleading that the defendant was not the real party in interest, and asking the plaintiff, "Was there any assignment back to you in writing?" and the witness answering, "No; not in writing; no, sir," the court said, "The complaint will be dismissed."

Besides the erroneous admission, in the absence of any allegation in the defense that the plaintiff was not the real party in interest and had not title to the claim, which is the ground principally pressed by the appellant on this appeal, there were other substantial errors in the exclusion of evidence.  An assignment of claims, even over $50, can commonly be made by parol.  A reassignment of claims assigned to

a bank is commonly made by mere return of the papers. It was quite competent for the plaintiff to show that there was an assignment back to him by the Sunswick Company by parol, and not in writing. A writing to that effect was not indispensable, as the court in effect held.

While the assignment to the bank was absolute in form, the collateral note of itself was prima facie evidence that the assignment was collateral; and it being the common custom, of which courts in a commercial town can take judicial cognizance, that banks and other loaners of money take assignments of collateral absolute in form, while treating the assignor as a pledgee, and close the transaction by pushing back the papers, assignment and all, through the loan clerk's window on the payment of the loan, it was error for the court to strike out the answer upon the lone ground stated in the defendant's motion.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.