SELLECK v. MANHATTAN FIRE ALARM CO.

(Supreme Court, Appellate Term. March 10, 1910.)

1. PLEDGES (§ 58*)—PLEDGED ACCOUNT—ACTION—RIGHT TO SUE.

The fact that, when an account sued on was pledged, the pledgee agreed orally that, if suit were necessary, it should be brought in the pledgor's name, did not show the pledgor's authority to sue, as such agreement would afford no protection to defendant.

[Ed. Note.—For other cases, see Pledges, Dec. Dig. § 58.*]

2. PLEDGES (§ 58*)—ACTION ON PLEDGED ACCOUNT—ACTION BY PLEDGOR—ACQUIESCENCE OF PLEDGEE.

Where an action on a pledged account was improperly brought in the name of the pledgor, that during the trial the pledgee agreed to abide the verdict of the jury and the judgment of the court was immaterial, under the rule that the plaintiff in a common-law action must be the party entitled to sue when the action is commenced.

[Ed. Note.—For other cases, see Pledges, Dec. Dig. § 58.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PLEDGES (§ 58*)—PLEDGED ACCOUNT—RIGHT TO SUE.

The pledgee is the proper party plaintiff in an action on a pledged claim.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. § 191; Dec. Dig. § 58.*]

Appeal from City Court of New York, Trial Term.

Action by George H. Selleck against the Manhattan Fire Alarm Company. From an order granting plaintiff's motion for a new trial after dismissal of the complaint, defendant appeals. Reversed and dismissed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Yorke Allen, for appellant.

David Tim, for respondent.

WHITNEY, J. The only question on this appeal is whether plaintiff is the proper party to sue upon the claim, which is for goods sold and delivered. Prior to the action he had assigned the claim to the Sunswick Company, which had signed and delivered an absolute assignment of it to the United States Exchange Bank, signing also a collateral trust note, which showed that the assignment was as collateral security for a loan. Just before the action was commenced the Sunswick Company reassigned to plaintiff, but the bank never reassigned. On the contrary, after the action was commenced, it gave the defendant written notice that the money was due and payable to itself.

Plaintiff was permitted to testify that at the time of the pledge it had been orally agreed, between himself, individually and as president of the Sunswick Company, and the vice president of the bank, that if it were necessary to sue upon the claim he would do so in his own name and account to the bank for the proceeds; also that the bank was in liquidation, and that the liquidating committee, in the middle of the trial, when the seriousness of the defense manifested itself, adopted a resolution to "abide the verdict of the jury and the judgment of the court." Neither of these items of evidence merits serious consideration. The first would afford the defendant no protection. The second violates the familiar rule that the plaintiff in a common-law action must be the party entitled to sue when the action is commenced. Tiffany v. Bowerman, 2 Hun, 643, 646; Walsh v. Woarms, 109 App. Div. 166, 95 N. Y. Supp. 824.

The trial judge dismissed the complaint at the end of plaintiff's case, but afterwards ordered a new trial. He considered himself obliged to do so by the decision of this court upon a prior appeal in this action (Selleck v. Manhattan Fire Alarm Co., 117 N. Y. Supp. 964); but the only points decided there were that the defense must be pleaded, and that an oral reassignment of the claim would have been sufficient. The answer has since then been amended, and plaintiff, by offering the resolution of the liquidating committee, conceded that there was no reassignment from the bank, either oral or written.

The pledgee is the proper party plaintiff in a common-law action upon a pledged claim (Wheeler v. Newbould, 16 N. Y. 392; Moody v. Andrews, 39 N. Y. Super. Ct. 302, affirmed 64 N. Y. 641; Van Riper v.

Baldwin, 19 Hun, 344, affirmed 85 N. Y. 618; Field v. Sibley, 74 App. Div. 81, 83, 77 N. Y. Supp. 252); although there are cases where the pledgor may sue in equity, making the pledgee a defendant, as in Ridgway v. Bacon, 72 Hun, 211, 25 N. Y. Supp. 651. The pledgee's right to sue is not a mere formal matter. It may exist when the pledgor cannot sue, as in Continental National Bank v. Bell, 125 N. Y. 38, 25 N. E. 1070.

The order should be reversed, with costs; and judgment entered dismissing the complaint, with costs. All concur.