JOFFE–MAYER CO. v. RADEN et al.

(Supreme Court, Appellate Term.   May 9, 1912.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 180*)—RIGHTS ACQUIRED.

A general assignment for the benefit of creditors, made by a defendant after the issuance of an attachment against him and a levy under it. transfers to the assignee all rights which he has under the undertaking given by plaintiff if the attachment is subsequently vacated, and defendant may not sue on it on the vacation of the attachment.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 532–539 ; Dec. Dig. § 180.*]

2. SET-OFF AND COUNTERCLAIM (§ 11*)—ATTACHMENT—UNDERTAKING—ACTIONS—COUNTERCLAIM.

Where defendant, who made a general assignment for the benefit of creditors after the issuance of an attachment against him and a levy thereon, brought an action on the undertaking subsequent to the vacation of the attachment and the rendition of judgment for plaintiff in the action, a judgment on a counterclaim for the amount of the judgment was proper, though defendant could not sue on the undertaking.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 14; Dec. Dig. § 11.*]

Appeal from City Court of New York, Trial Term.

Action by the Joffe-Mayer Company against Jacob W. Raden and another. From a judgment of the City Court of the City of New York, entered for defendants by direction of the court on their counterclaim, plaintiff appeals. Affirmed.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Goetz & Jacobowitz, of New York City (Isador Goetz, of New York City, of counsel), for appellant.

Katz & Sommerich, of New York City (L. E. Schlechter, of New York City, of counsel), for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J. This action is brought upon an undertaking given by the defendants. The undertaking was given in an action by the Embroiderers' Supply Company against this plaintiff. The plaintiff in that action obtained an attachment against the property of this plaintiff, and the attachment was subsequently vacated. The defendants pleaded a counterclaim for $196.19, which was the amount of the judgment which the Embroiderers' Supply Company obtained against this plaintiff. The counterclaim was admitted, and the court below directed a verdict in favor of the defendant for that amount.

[1] Upon this appeal the appellant contends that the court erred in excluding proof of the loss of profits on orders on hand, and in excluding proof of the damages resulting from the failure of the marshal to return the goods seized under the attachment. The correctness of these rulings is not properly before us, in view of the concession, made at the trial, that the plaintiff had made a general assignment for the benefit of its creditors after the attachment had been issued and the levy made under it. Such an assignment transferred to the assignee all the rights which the plaintiff possessed under the undertaking upon which this action is brought. McKee v. Judd, 12 N. Y. 622, 64 Am. Dec. 515; Walsh v. Woarms, 109 App. Div. 166, 95 N. Y. Supp. 824; Alexander v. City of Gloversville, 110 App. Div. 791, 97 N. Y. Supp. 198. The defendants moved at the trial to dismiss the complaint upon this ground, but the motion was denied. The plaintiff, having assigned the claim upon which it now sues, cannot maintain an action upon it. The complaint should have been dismissed at the trial.

[2] It follows that the judgment rendered in favor of the defendants upon this counterclaim should be affirmed, with costs. All concur.