AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, as Assignee of M. D. BARRON, Plaintiff, *v.* HAMBURG-AMERIKA LINE and Another, Defendants.

City Court of New York, New York County, February 1, 1937.

*Lester Weil* [*Emanuel Thebner* of counsel], for the plaintiff.

*Paul D. Compton,* for the defendant Victory Corp.

MADIGAN, J.   The question here is whether this action can be maintained by plaintiff, an insurance company, in its own name.

Prior to answering, one of the defendants, Victory Corp., moves to dismiss the complaint for insufficiency.   The proponent contends the complaint shows on its face that plaintiff is not the real party in interest.   For the purpose of this application it is conceded that, if plaintiff is the real party in interest, the complaint sets forth facts constituting a cause of action.   Accordingly the court has considered no question other than the question as to whether plaintiff is the real party in interest.

Plaintiff sets forth in its complaint that defendants had undertaken to safely transport fur skins for a shipper but that the skins were lost in transit.   The complaint further alleges that plaintiff "loaned" $1,616.98 to the shipper; and the action is to recover the same.

In addition to the other matters alleged, the complaint states that plaintiff made the said loan on an agreement reading as follows:

" Received from The Automobile Insurance Company of Hartford, Conn., the sum shown on the face of this draft as a loan repayable only out of any net recovery the undersigned may make from any vessel, carrier, bailee, or others upon or by reason of any claim for loss of or damage to the property in respect of which this draft is issued or from any insurance effected by any carrier, bailee or others on said property, and as security for such repayment, we hereby pledge to the said Insurance Company all such claims and any recovery thereon.

" In further consideration of the said advance, we hereby guarantee that we are the persons entitled to enforce the terms of the contract of transportation set forth in the bills of lading covering the said property; and we hereby appoint the officers of the said Insurance Company and their successors, severally, our agents and attorneys in fact, with irrevocable power to collect any such claim and to begin, prosecute, compromise or withdraw, in our name, but at the expense of the said Insurance Company, any and all legal proceedings which they may deem necessary to enforce such claim or claims, and to execute in our name any documents which may be necessary to carry into effect the purposes of this agreement."

The complaint does not allege that this agreement was made between plaintiff and its assured, there being no allegation that plaintiff furnished insurance coverage to anyone.   For all that is alleged there may have been, prior to the loan, no relationship between plaintiff and the person who shipped the furs.

The motion must be disposed of on the basis of what is set forth in the complaint. However, the briefs have to some extent gone beyond the narrow scope of this application. Counsel have discussed the right of an insurance company to maintain an action, in its own name, to recover for a loss against which the insurance company furnished coverage, after the company has, pursuant to a loan agreement, recompensed the insured as required by the policy. Accordingly this memorandum will refer not only to what is strictly involved on the motion but also to matters mentioned in the briefs.

The proponent of the application contends that under the agreement quoted above plaintiff has no right to sue in its own name; that conceivably an action may be maintained but only in the name of the shipper.

Under the loan agreement the insurance company has an equitable interest in the claim against defendants for the loss of the furs. It may collect from them not merely for the benefit of the assured but for its own benefit. A pledgee of a chose in action has the right to sue in his own name. (*Van Riper* v. *Baldwin*, 19 Hun, 344; affd., 85 N. Y. 618; *Selleck* v. *Manhattan Fire Alarm Co.*, 121 N. Y. Supp., 587, 588, 589.) Of that right this pledgee has not been deprived by statute.

The gist of the matter is that plaintiff is entitled to recover for its own use.

It is to be noted also that the loan agreement made plaintiff much more than a mere attorney in fact. Its agency to collect is coupled with an interest, and is irrevocable. In Story on Agency (9th ed.), section 164, it is said: " But where the authority is coupled with an interest in the property itself, there (as we have seen) the authority over it may be, and, in general, properly is, executed in the name of the agent himself, and not in that of the principal."

The courts have frequently held that, despite a loan agreement such as that referred to above, an action may be maintained in the name of the insured to recover from one responsible for the loss. But, because the action may be maintained in the name of the insured, it does not follow that the pledgee must be deprived of the rights of a pledgee. Indeed, it calls for imagination to suppose the insured to be the real party in interest after his interest has been paid out — extinguished so far as he is concerned — by his insurer. The insured's interest is to that extent extinguished in most cases where the amount of the adjusted loss is paid by the insurer on a loan agreement. But, as is generally known, a loan agreement is merely a device. Subsequent to the loan the insurance company is the person really interested in pressing the matter against the person who caused the loss. The courts have approved

of the loan-agreement expedient because it effectuates a just result, there being no reason, in a case like this, why a shipper should pay insurance premiums for the indemnification of the carrier. The accomplishment of this just result does not imply that the pledgee of the claim is to be unjustly deprived of any right.

Moreover there is nothing grotesque or even extraordinary in having differing interests as to the same thing. As to each such interest, there must be a real party in interest, and it is natural that, as to each interest, the real party in interest be a different person. The courts permit a loan agreement to effectuate its usual purpose, by sanctioning a pledgor's action. If there be a recovery, it passes directly to the insurance company. But, assuming that the pledgor has retained an interest, it does not follow that the pledgee has no interest. The interest of a pledgor is one thing. The interest of a pledgee is a different thing. As to each interest there is a real party.

In this case it is the first paragraph of the agreement, expressing the pledge, which confers upon the pledgee the right to sue in its own name.

The second paragraph of the agreement begins: " In further consideration." It is apparent that the rights conferred by the second paragraph are in addition to those conferred by the first. The provision in the instrument that the insurance company shall have " irrevocable power to collect any such claim and to begin, prosecute, compromise or withdraw in our [the assured's] name * * * any and all legal proceedings which they [the insurance company] may deem necessary to enforce such claim or claims " is to be construed not as a limitation or restriction upon the right of the insurance company to prosecute the claim pledged to it but as an additional privilege, license or power conferred upon it. (See *Nelson* v. *Eaton*, 26 N. Y. 410, at p. 417; *Nelson* v. *Wellington*, 5 Bosw. 178, at p. 187.)

Both the majority and the dissenting opinions in *Spencer* v. *Standard C. & M. Corp.* (237 N. Y. 479) are instructive, as careful consideration was there given to the various elements upon which depends the right to enforce a claim in one's own name.

The disposition being made of this motion is without prejudice to an application to bring the assured into the case as an additional party defendant.

The description in the caption of plaintiff " as assignee of M. D. Barron " is deemed surplusage. On application, it might be stricken from the caption.

The motion to dismiss the complaint for insufficiency is denied with leave to proponent to answer.

Order signed.