Gage v. Punchard.

---

ROBERT GAGE *against* HENRY PUNCHARD AND OTHERS.

(Decided December 6th, 1875.)

One who takes from his debtor, as collateral security for the debt, the promissory note of a third person for an amount greater than the debt, has power only to collect it and apply the proceeds toward the payment of the debt for which it is pledged as security, and if, without the consent of his debtor, he renews or extends it, or compromises with the persons liable on it, or surrenders it up to them and takes new security, he must account to his debtor in the same way as if he had collected it in full, for the difference between the face of the note and the debt.

APPEAL from judgment of Sixth District Court in favor of plaintiff for $50 damages and $12 dollars costs. The facts are stated in the opinion.

JOSEPH F. DALY, J.—The plaintiff being indebted to the defendants in the sum of $238 47, delivered to them on May 14, 1869, as collateral security, a promissory note for $300, made by Elias S. Cortelyou to the order of Henry C. Hendrickson, and indorsed by Hendrickson at six months, due November 6, 1869. When it fell due, Hendrickson paid defendants $100 in cash on it, and gave the two new promissory notes of the firm of Hendrickson & Cortelyou, each for $100, both dated November 6th, 1869, one payable four, and the other seven months after date, to the order of defendants, and also executed and delivered to defendants a chattel mortgage on the

fixtures, &c., in the dining room kept by Hendrickson & Cortelyou as collateral security for the said two notes. The two notes were not paid when they fell due, the chattel mortgage was foreclosed by defendants, and Hendrickson & Cortelyou delivered to them the property covered by it.

The defendants, as pledgees of the note of $300, delivered to them by plaintiff, had no authority except to collect it and apply the proceeds on the plaintiff's debt. They had no power to renew or extend it, or to compromise with the makers for a less sum than its face. If they delivered it up and took any other security in place of it, it will be assumed against them that it was paid them in full, and plaintiff has the right to recover the difference between his debt and the collateral, the same as if the collateral had been paid in cash in full.

CHARLES P. DALY, Ch. J., and LOEW, J., concurred.

Judgment affirmed.