(74 App. Div. 81.)

## FIELD v. SIBLEY.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

1. DEMAND NOTE—NECESSITY FOR DEMAND—COLLATERAL SECURITY.
   Action may be maintained on a demand note, without a preliminary demand of payment, even though the note is secured by collateral, to be delivered to the debtor on payment of the note.[1]

2. SAME—COLLECTION OF COLLATERALS.
   The holder of bonds as collateral security may collect such bonds on default in their payment by a foreclosure of the mortgage securing them, even before the principal debt is due, though the holder has the power to sell the bonds, the proceeds of the sale becoming a trust fund, in lieu of the original security.

3. SAME—CONVERSION.
   A holder of bonds, as collateral security, entitled as against the pledgee to the expenses of collecting the collateral, is not guilty of a conversion by agreeing that the bonds may be charged with their proportion of the expenses of foreclosing a mortgage securing such bonds and other bonds.

---

[1] See Bills and Notes, vol. 7, Cent. Dig. § 1023.

**4. SAME.**

A holder of bonds as collateral to a demand note cannot be held guilty of converting the collateral security by agreeing to the foreclosure of a mortgage securing the bonds, and that the bonds might be applied in payment at the foreclosure sale, unless they are so applied.

Goodrich, P. J., dissenting.

Appeal from special term, Queens county.

Action by Thomas G. Field, as executor of Henry Weil, deceased, against Richard C. Sibley. From a judgment for plaintiff, the defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

L. Laflin Kellogg, for appellant.

George W. Wickersham (W. W. Thompson, on the brief), for respondent.

JENKS, J. Action lies against the maker of a demand note without preliminary demand. Parker v. Stroud, 98 N. Y. 379, 383, 50 Am. Rep. 685; Cottle v. Bank, 166 N. Y. 53, 59 N. E. 736. I see no reason why the fact that the note was accompanied by collateral which related solely to it should vary the rule; for, if the fair implication was that the collateral should be surrendered at the same time the note was delivered up, and the right of the maker to receive the collateral and the note "stood upon the same footing," as was said in Bank v. Fant, 50 N. Y. 474, then it follows that if it was sufficient to produce the note on the trial it was sufficient if the collateral was produced at that time. The discrimination to be made between this case and Fant's Case, supra, is that the latter case was against an indorser against whom demand must have been made. Parker v. Stroud, supra. I have no quarrel with the doctrine that where a demand was necessary the collateral as well as the note must be present to constitute a valid demand. Holmes & Griggs Mfg. Co. v. Holmes & Wessell Metal Co., 53 Hun, 58, 5 N. Y. Supp. 937, was decided upon the authority of Fant's Case. It was properly held that the makers of the notes were entitled to receive the stock on payment of the notes, and that in order to make a demand both stock and notes must be held in readiness for delivery. It may be noted that in Holmes' Case, supra, the court say that "there does not seem to have been any tender of the stock at any time before the trial, nor, so far as we can find out, was there any tender of the stock upon the trial."

It is contended that the conversion is shown by the co-operation of the pledgee with the other bondholders in the foreclosure of the mortgage in his assent that his proportionate share of the expenses thereof might be a lien upon the bonds, and that the trustee might apply the bonds in payment at the foreclosure sale. A pledgee has the right to sue for and to collect the collateral security (Farwell v. Bank, 90 N. Y. 483, 489; Wheeler v. Newbould, 16 N. Y. 392, 396; Nelson v. Eaton, 26 N. Y. 410), and irrespective of the time when the principal debt is due. Warner v. Iron Co., 3 Woods, 514, Fed. Cas. No. 17,188; Jones v. Hawkins, 17 Ind. 550; Jones, Pledges, § 665, where it is said: "The money, when received, is a substitute for the note, and is to be

held upon the same terms, and subject to the same rights and duties, as the note." The expression of the power to sell diu not take away the power of collection. Nelson v. Eaton, supra; Farwell v. Bank, supra. The pledgee was entitled to require the foreclosure and sale of the mortgaged property upon default upon the bonds. Coleb. Neg. Coll. Sec. § 124; 2 Cook, Stock, Stockh. & Corp. Law, § 525; Land Co. v. Peck, 112 Ill. 408, 439; McCurdy's Appeal, 65 Pa. 290, 297; Allen v. Railroad Co., 3 Woods, 316, Fed. Cas. No. 221. The proceeds of a collection are a substitute for the collateral, to be held by the pledgee as trustee for the purposes of the pledge. Farwell v. Bank, supra; Jones, Pledges, supra. As the pledgee was entitled to charge the expenses of the collection against the pledgor (Jones, Pledges, § 680; Griggs v. Howe, 2 Abb. Dec. 291), it cannot be said that his agreement that the bonds might be charged with a proportionate share of the expenses of collection, i. e., of the foreclosure, was beyond his implied powers.

If it had appeared that the property had been sold under the foreclosure decree, and that the purchase price was paid by application of the bonds, and not in money, then a serious question would have been presented. There is evidence from which the court might have found that the payment of the note had never been demanded. Therefore the right of the pledgee might be strictly confined to enforce the payment of the bonds because there had been a default thereon. Under the authorities cited, he might institute foreclosure as a means of collection, and he might enter upon the agreement for a foreclosure contemplated, for that was the only procedure open to him for that purpose. Batchelder v. Water Co., 131 N. Y. 42, 29 N. E. 801. But collection by foreclosure would import à sale to realize money to be held by the pledgee as the cash return of the bonds, which were payable in money. There is evidence that the pledgee entered into the foreclosure agreement against the protest of the pledgor. If this is so, he should be held strictly to his power of collection, and in the absence of any assent he should not be permitted to defeat the end of collection, which is cash. In Garlick v. James, 12 Johns. 146, 7 Am. Dec. 294, Thompson, C. J., said: "The authority of the defendant with respect to the note could extend no further than to receiving the money due upon it, without first calling upon the plaintiff, in some way, to redeem. The money, when received, would be a substitute for the note, and to be held upon the same terms, and subject to the same rights and duties, as the note." See, too, Gage v. Punchard, 6 Daly, 229; Fairbanks v. Sargent, 117 N. Y. 320, 332, 22 N. E. 1039, 6 L. R. A. 475. The duties and relations of a pledgee are said by O'Brien, J., in Toplitz v. Bauer, 161 N. Y. 325, 55 N. E. 1059, to be "governed more by the general maxims of equity than by the strict rules of the common law," and he is to be regarded as clothed with a trust, first to pay the debt, and then to account for the surplus. He must deal with the pledge "in a way consistent with the general ownership and the ultimate rights of the pledgor," and, consequently, "he cannot deal with the pledge under his special and temporary property right so as to impair or to destroy it to the detriment of the pledgor." Lawrence

v. Maxwell, 53 N. Y. 19. If, then, through the acts of the pledgee, merely under his plea of a right of collection, the foreclosure sale had resulted so that the purchase price was paid by an application of the bonds instead of in money, this, in effect, would have been his substitution of property other than money in satisfaction of the bonds which he held in trust as pledgee. In Laverty v. Snethen, 68 N. Y. 522, 23 Am. Rep. 184, the court say: "Every unauthorized taking of personal property, and all intermeddling with it, beyond the extent of the authority conferred, in case a limited authority has been given, with intent so to apply and dispose of it as to alter the condition or interfere with the owner's dominion, is a conversion." Bouv. Law Dict. tit. "Conversion." This definition was approved in General Trust Co. v. Tod, 170 N. Y. 233, 63 N. E. 285. But it does not appear in this record that any proceedings were had subsequent to the entry of the foreclosure, and therefore no practical question is presented for the consideration of the court. See, too, Storm v. Livingston, 6 Johns. 44.

The judgment should be affirmed, with costs.

BARTLETT, WOODWARD and HIRSCHBERG, JJ., concur.

GOODRICH, P. J. I dissent. The note was payable on demand and return of securities. I think demand and tender must take place before action. There was no such demand or tender of securities before action, and it was not sufficient compliance with the terms of the note to tender the bonds at the trial. When the tender was made at the trial, the bonds, with the consent of the pledgee and by his affirmative action, had merged in the judgment of foreclosure. The bonds were then valueless except for their right to participate in the benefit of the sale under the decree. By the terms of the agreement of the bondholders, the pledgee, at any time before judgment had been entered, could have withdrawn the bonds burdened only with a proportionate share of the expenses of the foreclosure action, but when they had merged in the judgment this power ended. The pledgee dealt with the bonds to a greater extent than simply taking proceedings for their collection. Under the bondholders' agreement, the committee of the bondholders therein named was authorized to pay for the mortgaged premises on the foreclosure sale with the bonds deposited with the committee. This exceeds the powers of a pledgee, and goes beyond simple proceedings for collection. As the bonds merged in the judgment, and as the pledgee had consented to and authorized a material change in the character and condition of the securities, his action, in my opinion, constituted a conversion of the bonds.