(173 App. Div. 703)

### SAN LUCAS et al. v. BORNN et al.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. LIMITATION OF ACTIONS &#9901;&#61;55(1)—RUNNING OF STATUTE—CONVERSION.

Plaintiffs sold hats to defendants and defendants rejected the shipment, though they honored drafts for the purchase price. The amounts of the drafts were deducted from the purchase price of subsequent shipments, but defendants, having pledged the hats first received, failed to return them as directed. *Held* that, though plaintiffs did not know of the pledge of the hats, yet their right of action to recover for the conversion arose on defendants' failure to make return as directed, and the six-year statute of limitations then began to run.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 299; Dec. Dig. &#9901;&#61;55(1).]

2. APPEAL AND ERROR &#9901;&#61;1173(2)—REVIEW—NECESSITY OF APPEAL.

Where only one of the two defendants against whom judgment was rendered appealed, the judgment, though erroneous, will be reversed only as to the appealing defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4568, 4656; Dec. Dig. &#9901;&#61;1173(2).]

Appeal from Special Term, New York County.

Action by Humberto San Lucas and others against Carlos A. Bornn, impleaded with Bornn & Co. and another. There was a judgment for plaintiffs against the first-named defendant and the corporate defendant, and, a motion for new trial on the ground of newly discovered evidence being denied, the first-named defendant separately ap-

pealed. Judgment reversed, and order affirmed, as to the appealing defendant.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Frederic C. McLaughlin, of New York City, for appellant.
Jacob Friedman, of New York City, for respondents.

McLAUGHLIN, J.  The appeals are from a judgment in favor of the plaintiffs, entered upon a decision after trial at Special Term and an order denying a motion for a new trial on the ground of newly discovered evidence.

The action was brought to recover the value of certain hats delivered by the plaintiffs to Bornn & Co., a domestic corporation, and for an accounting.  The answer denied the material allegations of the complaint, and set up as an affirmative defense that the cause of action stated did not accrue within six years before the commencement of the action.  At the trial the complaint was dismissed as to one of the defendants, and the plaintiffs had judgment against the other two, from which Carlos A. Bornn appeals.

From the evidence it appears that in the year 1907 the plaintiffs were copartners doing business in Ecuador, and the defendant Bornn & Co. was engaged in business in New York City; Frank Bornn being president, and Carlos A. Bornn vice president.  Bornn & Co., for some time prior to 1907, had had business relations with the plaintiffs, and in April of that year ordered from them a trial shipment of hats, which were delivered, accepted, and paid for.  At different times between July 19 and August 16, 1907, plaintiffs delivered to Bornn & Co. eight cases of hats, of the value of $2,960, which, for convenience, may be termed the first shipment.  Prior to the receipt of the last three cases, Bornn & Co. had notified the plaintiffs by letter that it rejected the five cases theretofore delivered, and it would hold the same for plaintiffs' account, at the same time asking what disposition to make of them.  It consented to honor drafts drawn by plaintiffs therefor only because of prior cable communications in which plaintiffs agreed to reimburse Bornn & Co. for the sums so expended. Subsequently drafts covering all the eight cases and aggregating $2,960 were accepted and paid by Bornn & Co.  On August 16, 1907, Bornn & Co. pledged two of the cases as collateral security for the payment of loans.  Three more cases were pledged on September 9, 1907, and the other three cases, making up the balance of the shipment, were pledged on May 20, 1908.  The hats were in a bonded warehouse, and the pledges were made by delivery of the warehouse receipts.

On December 2, 1907, Bornn & Co. wrote plaintiffs, demanding reimbursement for the sum of $2,990 expended by it in paying plaintiffs' drafts and for cable messages, and reiterating its rejectment of the entire shipment, and its readiness to reship the goods when and as directed by plaintiffs.  In response to this letter plaintiffs requested that the goods be sent to a firm in Valparaiso, to which request Bornn & Co. replied, on January 24, 1908, that the first shipment was in the

custom house and would be reshipped as requested by plaintiffs upon confirmation by them of a prior assurance that the value of their future shipments should be applied to the payment of their account; i. e., the sum expended by Bornn & Co. in honoring the drafts referred to, and freight, storage, insurance, and interest charges.

Thereafter Bornn & Co. received from the plaintiffs, at different times, hats of the aggregate value of $3,990, of which $3,347.86 was applied by Bornn & Co. to reimburse itself for the moneys advanced in payment of the drafts. On April 1, 1908, plaintiffs made another demand for the return of the first shipment, by a letter to which, so far as appears, Bornn & Co. did not reply. On the 10th of November following Bornn & Co. made an assignment for the benefit of creditors, and some time thereafter became bankrupts. Plaintiffs were advised of the failure by the appellant in a letter dated November 30, 1908.

[1] This action was commenced on the 18th of March, 1915. At the trial plaintiffs failed to establish that the defendant Frank Bornn had any personal connection with or knowledge of the foregoing transactions, and accordingly the complaint was dismissed as to him. But it did appear that the appellant Carlos A. Bornn was the person who, on behalf of Bornn & Co., took full charge of the business transacted with the plaintiffs, and he was held liable equally with the corporation for the value of the first shipment, together with the charges, etc. The trial court also held that the wrongful conversion of plaintiffs' property by the failure to return upon demand was, in effect, a fraud which entitled plaintiffs to treat the wrongdoers as trustees, and to make them liable to account under the principles enunciated in Lightfoot v. Davis, 198 N. Y. 261, 91 N. E. 582, 29 L. R. A. (N. S.) 119, 139 Am. St. Rep. 817, 19 Ann. Cas. 747, and Clarke v. Gilmore, 149 App. Div. 445, 133 N. Y. Supp. 1047.

I do not think these authorities have any application whatever to the facts as established at the trial. In the Lightfoot Case the plaintiff, in 1875, owned certain school bonds, which, together with a memorandum with reference to the same, were stolen from him by his father-in-law. He had originally bought the bonds through his father-in-law, who, when notified of the loss, said he would try and notify the districts of the loss and stop payment. The bonds matured a few years later, and the interest, as it accrued, and the principal were collected by the father-in-law. Upon his death, which occurred in 1899, there was found among his papers the memorandum with reference to the bonds, and an examination of his books showed he had collected the interest and principal. Upon discovery of these facts the plaintiff brought an action against the administrator with the will annexed of the deceased, asking judgment that defendant account for and pay over to him the amount of the bonds and the income thereof, if it could be traced, and, if it could not, that he have judgment against the defendant as administrator for a certain amount. It was held that an action for the original taking of the bonds was barred by the statute of limitations, but under the Code of Civil Procedure (section 382, subd. 5) an action in equity, based on fraud, might be brought within six years after the discovery of the fraud.

In the Clarke Case the plaintiff, as executor of and trustee under a will, with his coexecutors and trustees, held certain shares of stock, and, having no available funds to protect the value of the same, which was in danger of being destroyed, entered into a contract with the defendant, who agreed, after an assignment of the stock to him, to institute legal proceedings to protect the same, and, if possible, to realize and recover the value thereof, and to pay to the plaintiffs a stipulated sum, less the amount of the disbursements. Within three years after the date of the contract the defendant, without instituting legal proceedings of any kind, sold the stock for much more than the sum stipulated. He fraudulently, however, concealed the fact of the sale from the trustees, and induced them to believe that the stock had not been sold by him, but had become valueless, and they did not learn of the sale until more than eight years thereafter. It was held that an action could be maintained in equity for an accounting and that the six-year statute of limitations was no defense; that the concealment and disposition on the part of defendant constituted a fraud, and, when discovered, gave to the trustees a cause of action which could be enforced in equity for fraudulent concealment.

In the present case the hats in question came rightfully into the possession of Bornn & Co. It refused to accept them, and so notified the plaintiffs, at the same time saying it would dispose of them as they might direct. Subsequently plaintiffs notified Bornn & Co. to reship the hats to a party named in Valparaiso. This it failed to do. It is true it could not return the hats, for the reason it had previously pledged them as security for loans, but when the corporation had received other hats, and applied them towards the payment of the drafts which it had honored, and the expenses connected therewith, at that moment at least it became obligated to comply with the plaintiffs' demand and return the hats, and its failure to do so constituted a conversion of them. There was no concealment of the fact that the hats were not returned. The only thing that the plaintiffs did not know, after the refusal to return, was that they had been pledged. But this was of no importance. That fact did not prevent the statute of limitations running against them. Bornn & Co. had converted the hats, and, having converted them, plaintiffs had the right to maintain an action for their value, on the theory that title had thereby passed to the corporation. But such action had to be commenced within six years after the fact of the conversion became known to the plaintiffs. Such action was not commenced within that time, and for that reason the six-year statute of limitations was a complete bar to its maintenance.

[2] If this conclusion be correct, then it follows that the complaint should also have been dismissed as to all the defendants. But, as only Carlos A. Bornn has appealed, the judgment is modified, by dismissing the complaint as to him. The order to be entered herein, which will be settled on notice, should contain the necessary modifications of the findings.

The reversal of the judgment and dismissal of the complaint as to the appellant renders of no importance his appeal from the order

denying the motion for a new trial on the ground of newly discovered evidence. It is sufficient to say that upon consideration it appears that the motion was properly denied, and such order is therefore affirmed, with $10 costs and disbursements.

Settle order on notice. All concur.