J. H. STOCKAMORE LEATHER COMPANY, Respondent, *v.* DUANE SHOE COMPANY, Appellant.

*Conversion — goods rejected by buyer — failure to return to seller constitutes conversion.*

Appeal by defendant, Duane Shoe Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 24th day of March, 1920, and also from an order entered in said clerk's office on the 2d day of April, 1920, denying defendant's motion for a new trial made upon the minutes.

Judgment and orders unanimously affirmed, with costs, on the opinion of Mr. Justice Whitmyer at the Trial Term.

The following is the opinion of the court below:

WHITMYER, J. The action has been brought to recover damages for the conversion of a quantity of leather. In the spring of 1919, as the result of correspondence, plaintiff shipped 7,688 1/12 feet of leather to defendant as follows: May 15, 1919, sample dozen, containing 62 feet; May 26, 1919,

---

* See Laws of 1877, chap. 416, § 1, subd. 263; Laws of 1890, chap. 450.—
[REP.

fifty-one and one-twelfth dozen, containing 3,061 1/12 feet; and June 12, 1919, seventy-seven and seven-twelfths dozen, containing 4,565 feet. The price was to be forty-five cents per foot, making a total of $3,459.71. The invoices described it as " black mat " and plaintiff's secretary says that it was. Defendant claims that it ordered " black mat kid," but that it received " black mat cabaretta," which is a cross between a goatskin and the skin of some other animal, and that it declined for that reason to accept and offered to return, upon payment of express charges laid out and upon receipt of shipping directions. At first, plaintiff refused, but finally sent check for the charges and directed defendant to return it. Then defendant answered that it could not comply, because it had cut into the leather. It did not comply and the action followed. A brief review of some of the correspondence will illuminate the situation. On June 9, 1919, when the shipment of fifty-one and one-twelfth dozen had arrived, defendant wrote and asked whether it was " mat kid or a cabaretta." On June 11, 1919, plaintiff replied that it was " mat cabaretta." On June 12, 1919, defendant wrote plaintiff not to ship any more cabarettas, because it had not purchased and could not use any, and that it would state its intention concerning the stock in a few days. On June 14, 1919, plaintiff wrote that the last order for " black mat cabarettas " had been shipped on receipt of the last letter, apparently referring to the letter of June twelfth. On June 19, 1919, · defendant wrote and acknowledged receipt of the shipment, but stated that it was compelled to return same, because cabarettas had not been purchased, and asked for check for $10.40 express charges on that shipment and $8.40 express charges on the other shipment, with shipping directions; stated that, for plaintiff's convenience, it had repacked the bundles, in order to make them acceptable by the express company, but that it would go to the expense and ship the goods by freight in wooden cases if that would help out any, and stated that it had been making efforts to dispose of the leather for plaintiff and had received an offer of thirty-five cents per foot, and it asked plaintiff to answer by return mail, if interested. The letter stated, further, that the sample dozen had been charged twice and asked plaintiff to correct its books. On June 24, 1919, plaintiff wrote that it could not understand the tone of that letter, because the purchases had been made from the samples sent, and that, under the circumstances, it could not take the goods back and would expect remittance when bill became due. On that same day defendant wrote that it had stated its position and asked whether it should return the goods or whether plaintiff would accept the offer of thirty-five cents per foot. On June 26, 1919, defendant telegraphed that it had received plaintiff's letter of the twenty-fourth and would return the goods by express that day, unless plaintiff accepted the offer of thirty-five cents, stating that " mat kid " had been sold and " cabaretta " had been shipped. And, on the same day, it wrote to the same effect, inclosing a copy of the telegram, except that the letter stated that the goods would go back C. O. D., express charges laid out, unless plaintiff telegraphed acceptance of the thirty-five-cent offer by June twenty-seventh, the next day. On July 8, 1919, plaintiff sent bill for $3,459.74.

On July 17, 1919, defendant acknowledged receipt and said that it owed plaintiff nothing, but that plaintiff owed it " $18.40 " for express and that the leather would be forwarded upon receipt of amount. On July 21, 1919, plaintiff sent its check for $18.80, asked for the express receipts, and wrote, " in regard to the two shipments of black mat shoe leather, you may return them by express at once, if they are in original dozens and the same condition as when we shipped them." Defendant admits that it received the letter, but claims that it did not receive the check. On July 30, 1919, plaintiff telegraphed for answer why leather had not been returned. On that day and, it claims, before receipt of telegram, defendant wrote that it had cut into some of the leather, because it had received no reply from plaintiff in over a month, and asked for duplicate bill for shipment of June twelfth, claiming that it could not find same and for corrected bill for sample, since it had been charged for same on May fifteenth and again on May twenty-sixth, so that it might clear the account. On August 2, 1919, defendant replied to the telegram and called attention to its last letter. And it requested plaintiff to adjust the matter satisfactorily, saying that check would go forward at once. On August 6, 1919, plaintiff served a written demand, but defendant has not paid for or returned the leather, nor has it returned the check. The question of damages was sent to·the jury and the finding was for fifty-five cents per foot or for the total of $4,228.55. By the motions and the stipulation made, the question whether or not there was a conversion remains. In all communications with plaintiff, from June nineteenth to and including July seventeenth, defendant stated · that it would not accept and offered to return the leather upon receipt of express charges laid out. In several, it presented an offer for a lesser price. On July twenty-first plaintiff sent its check for the express charges, as requested, and inclosed same with a letter, in which it directed defendant to return both shipments at once, by express, if in original dozens and in the same condition as when shipped. Defendant received the letter and must have received the check. It then became its duty to comply with the directions. And the provision as to the form and as to the condition did not relieve it, because the former related to the statement in defendant's letter of June nineteenth, in which it wrote that it had repacked the bundles, for plaintiff's convenience, and the latter was only what the law implied. As late as July seventeenth, defendant had written that the leather would go forward, upon receipt of express charges, thus implying that it was intact and plaintiff was merely accepting its statements as true. The fact is that defendant had taken both shipments out of the original packages and had assorted same as to weight, sizes, quality and grades, as soon as they were received, and at some time, not exactly fixed, had cut into and used a substantial amount from each shipment. Its acts constituted a conversion. (*San Lucas* v. *Bornn & Co.*, 173 App. Div. 703, 708; affd., 225 N. Y. 717; *Industrial & General Trust* v. *Tod*, 170 id. 233; *Field* v. *Sibley*, 74 App. Div. 81.) The leather was not returned and plaintiff, on July thirtieth, telegraphed for the reason. And on that day, but before receipt of telegram, it claims defendant wrote that it could not comply, because it had cut

into same, having received no reply in over a month, and asked for corrected bill for sample and duplicate bill for shipment of June twelfth, claimed to have been lost, so that it might clear the account. But it had received plaintiff's bill, sent July eighth, for the amount of the claim, and had also received the letter of July twenty-first at that time. And the transaction was off and had been for nine days. Therefore, plaintiff is entitled to judgment.