**530** Mercantile Factors Corp. *v.* Warner Bros. Pictures, Inc.

First Department, February, 1926. [Vol. 215

---

Mercantile Factors Corporation, Appellant, *v.* Warner Bros. Pictures, Inc., Respondent.

First Department, February 26, 1926.

Bills and notes — action against indorser on two promissory notes delivered to plaintiff as collateral to loan to indorser — after action commenced other collateral promissory notes were paid, leaving balance due on two similar loans — defendant at opening of case offered judgment for balance due — defendant had right to plead payment in partial defense — action is not on collateral — plaintiff cannot recover full face of notes so as to permit it to charge defendant with attorney's fees — no agreement that attorney's fees might be charged — attorney's fees may be charged when action is against third person on collateral.

In an action to recover from an indorser the face of two promissory notes made payable to the indorser and indorsed and delivered to the plaintiff as collateral security for a loan to the indorser, in which it appears that there were two similar loans for which five notes were given as collateral, but after the action was commenced on the notes in question the three remaining notes were paid and the defendant offered judgment for the balance due, the defendant had the right to plead the payment of the other notes and the application of that payment on the loan as a partial defense to this action against him as an indorser, for this action, although in form against the defendant as an indorser, is in fact an action to recover the amount of the loan and is not an action on the collateral, and furthermore, the conceded purpose of the plaintiff in seeking to recover the full amount of the two notes in question is to give it the opportunity

of charging the defendant with the attorney's fees incurred in the present litigation.

There was no agreement by the parties that the plaintiff might recover the attorney's fees.

It is only in case a pledgee is required to collect notes from third persons which have been pledged as collateral that he may charge the pledgor the amount of attorney's fees expended in making the collection.

McAvoy and DOWLING, JJ., dissent, with opinion.

APPEAL by the plaintiff, Mercantile Factors Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of April, 1924, upon the verdict of a jury rendered by direction of the court upon motion made by the defendant.

*Morris & Samuel Meyers* [*Samuel Meyers* of counsel], for the appellant.

*Thomas & Friedman* [*Joseph H. Hazen* of counsel; *Abel Cary Thomas* with him on the brief], for the respondent.

FINCH, J. The question presented for decision by this appeal practically resolves itself into the inquiry whether a creditor may collect, by suit, from a debtor, in addition to the amount of the debt and interest and costs, also the reasonable value of an attorney's fee in prosecuting the action, the action of the creditor being against the debtor as indorser of notes of third persons, pledged as collateral to secure a loan by the plaintiff to the defendant.

The plaintiff brought two actions, each upon a promissory note for the sum of $5,000, made by a third party to the order of the defendant as payee and indorsed over to the plaintiff by the defendant. Each of these notes was given as collateral to a loan made by the plaintiff to the defendant and the two actions were consolidated and tried as one. As a partial defense the defendant's answer alleged that the notes had been given as collateral security for a loan, which had been satisfied with the exception of a balance of $3,750. At the opening of the case the defendant made an offer of judgment in the said sum of $3,750, which the plaintiff declined. The plaintiff put the notes in evidence and rested its case. The defendant thereupon showed that the plaintiff had made two loans to the defendant; that by the first loan the plaintiff loaned to the defendant $11,250, receiving as collateral three notes of $5,000 each; by the second loan the plaintiff loaned to the defendant $7,500 and received from the defendant, by way of collateral, two notes of $5,000 each. The first one of the notes to become due which was deposited as collateral under the first loan became due on January 7, 1924, and was not paid. On January 16, 1924, the first one of the notes to become due which was deposited as

collateral under the second loan became due and was not paid. It is upon these two notes that the actions were brought. After the actions were commenced but prior to the time of the service of the answers, the remaining notes deposited as collateral fell due and were paid. After deducting from the defendant's indebtedness to the plaintiff the amounts received on the notes which were paid, there was left owing a balance of $3,750, and this amount, with interest and costs, was awarded to the plaintiff.

The first contention is, that since no payment had been made on account of the debt at the time that the action was commenced, therefore, the full amount of the notes sued on could be collected and that a partial defense of payment could not under these circumstances be set up by answer. While it is the general rule that the rights of parties in an action at law, as distinguished from a suit in equity, are to be determined as they existed at the date of the commencement of the action, yet one of the exceptions to the rule is where a payment has been made by the defendant subsequent to the commencement of the action, in which case, subject to the plaintiff's right to costs, the defendant may plead this fact. That payment may be set up as a partial defense, even though the fact of payment may not have taken place until after the commencement of the action, was held in *Bendit* v. *Annesley* (42 Barb. 192), where the plaintiffs, on the 1st day of November, 1862, brought an action on a promissory note against the defendants. On the same day, and after service of the complaint, the defendants sent their certified check to the plaintiffs for the amount of the note, interest and protest, which the plaintiffs unqualifiedly accepted. On the seventeenth day of November following, the plaintiffs duly notified the defendants that payment of the face of the note, interest and protest, would not settle the action, but that the costs must be paid. On the twenty-first of November the defendants interposed their answer, setting up payment and demanding that the complaint be dismissed, and judgment for costs. The only issue in the case was whether, under the circumstances, the answer of the defendants of payment, and proof of the same, prevented a recovery by the plaintiffs. On these proven, as well as conceded facts, the judge dismissed the complaint. The court, by BARNARD, J., said: " As the law stood prior to the Code, a payment after suit brought had to be pleaded specially in bar of the further continuance of the action, and not in bar of the action generally. (*Boyd* v. *Weeks*, 2 Denio, 321.) This was the doctrine at the time when every plea was required to have a formal conclusion. Under the Code, no formal conclusion is required, and no judgment or relief is required to be prayed for, except when the defendant

asks affirmative relief against the plaintiff. The answer in this case specially set up the payment, and would have been good under the old system if it had prayed judgment whether the plaintiff should further maintain his action. As the Code has abrogated the necessity for any prayer, I think the answer now good, although it demands that the complaint be dismissed and judgment for costs. Even if a prayer were required, to an answer, and the prayer in question were technically wrong, yet as evidence was received under the answer without objection, and fully sustained it, the judge, under the liberal powers of amendment given by the Code, was justified in disregarding the technical defect.

" I do not regret coming to this conclusion; for after the payment of the note it is obvious that the only motive in prosecuting the suit was to get the small amount of costs which had accrued."

In *Gabay* v. *Doane* (77 App. Div. 413) PATTERSON, J., writing for the court, said: " If a plaintiff is entitled to recover not only the damages sustained by him to the time an action is commenced, but also such additional damage as may have been caused by the acts complained of down to the date of trial, it is proper that a defendant be permitted to prove in mitigation facts arising after the commencement of the action." The defendant, therefore, was entitled to set up a partial defense of payment.

It is next contended that since the suit was against the defendant as an indorser of the third party notes given as collateral, therefore, the suit was upon the collateral and not upon the debt as distinguished from the collateral, and for this reason the plaintiff is entitled to collect the full amount sued for. There are two sufficient answers to this contention: *First*, that since the suit is in fact against the debtor even though upon his indorsement of the collateral the suit cannot be said to be upon the collateral, and *second*, that it was conceded at the trial, without objection, that the plaintiff was endeavoring to recover the difference between the amount of the notes and the amount of the debt due, with interest and costs, in order that the plaintiff might reimburse itself over and above the statutory costs for the amount which it had to pay to its attorney for prosecuting the action, and, therefore, the contention of the plaintiff comes within the prohibition against allowing any damage for the withholding of money by a debtor other than that of interest and costs. Taking up now more at length each of these replies to the plaintiff's contention, we have, *first*, the fact that the personal indorsement by the debtor cannot be said to be collateral security to his already existing personal obligation for the debt. In other words, the plaintiff by bringing suit against the debtor upon his indorsement instead of upon the debt cannot

convert the suit into a suit upon the collateral, for a debtor cannot, by adding another obligation of his own to that which he is already obligated to pay, create a second obligation as collateral to the first. This was well expressed in 21 Ruling Case Law (p. 637, § 5): " In a true sense, one personal obligation of a debtor proper cannot become the subject matter of a pledge or collateral security proper, or in the sense of pledged collateral, for the security of another obligation of the same debtor, for the reason that a debtor's own personal obligation is no part of his personal property, and cannot be the subject of such a pledge — is a liability and not an asset."

Thus this suit as against the debtor cannot be said to be a suit upon the collateral.

Taking up the *second* answer to the contention of the plaintiff, namely, that the amount to be paid by the plaintiff to its attorney for the bringing of the action against this debtor may be recovered herein in addition to the interest and statutory costs of suit, we have the conceded fact on the record, without objection, that the plaintiff is seeking to recover the full amount of the notes upon which it sues in order that it may reimburse itself for the amount which it will have to pay its attorney for bringing the suit on the notes, in addition to the statutory costs in the action, returning the surplus, if any, to the debtor. By the rule of the common law the only amount recoverable as damages for the withholding of money was lawful interest upon the amount due. As was said by Chief Justice WAITE in *Loudon* v. *Taxing District* (104 U. S. 771): " All damages for delay in the payment of money owing upon contract are provided for in the allowance of interest, which is in the nature of damages for withholding money that is due. The law assumes that interest is the measure of all such damages."

It must also be borne in mind that in the case at bar the plaintiff is not a pledgee of chattels which have to be reduced to money, nor is the plaintiff suing third parties for the purpose of reducing the collateral to money, but the suit is against the debtor for the collection of the debt and hence brings the plaintiff squarely within the rule of the common law, above set forth, namely, that the only damage for the withholding of money is lawful interest and statutory costs. At the common law also there was no right to costs, but these were dependent entirely upon statutory provisions. (*People ex rel. New York Society, P. C. C.* v. *Gilmore*, 88 N. Y. 626.) And costs are awarded for the very purpose of indemnifying the successful party for the expense of maintaining his rights. (*Matter of Pine's Stream & East Meadow Stream*, 114 N. Y. Supp. 681; 129 App. Div. 929.) The costs of suit recoverable by a successful party are thus expressly limited by statute and there is no authority for

a recovery of any amount, except such as is provided by statute, in the absence of an express contractual obligation by the parties. Even when the parties have expressly stipulated in a promissory note that an attorney's fee may be collected in addition to interest and costs in the event of an action upon the note, it has been held in many jurisdictions that such an express agreement is contrary to public policy and void. In the time available, no case has been discovered upon this subject in New York. In *Merchants' National Bank* v. *Sevier* (14 Fed. 662) it was said:

"The cases which treat such a stipulation as an agreement to pay liquidated damages, and not as a forfeiture or penalty, are unsound in principle. Their reasoning destroys the efficacy of every statute and rule of decision intended to protect debtors from the demands of grasping creditors. If a stipulation for an attorney's fee can be upheld upon the ground that it is a valid agreement upon sufficient consideration for the payment of a liquidated sum, it is not perceived why a stipulation to pay the taxes of the payee, or his office rent, or the salary of his collector, or all of these and as many more as the genius of a rapacious creditor may devise, should not be upheld and enforced by the same mode of reasoning. Mr. Justice SHARSWOOD, in *Woods* v. *North* [84 Penn. St. 407], following Chief Justice GIBSON, characterizes such a provision as ' luggage,' which negotiable paper is unable to carry, and pertinently inquires: ' If this collateral agreement may be introduced with impunity, what may not be? '

"In Daniel, Neg. Inst. 49, it is said this inquiry ' is answered by the assertion that such provisions facilitate rather than incumber the circulation of such instruments; they are not " luggage," but ballast.' Mr. Daniel's assertion is in the teeth of many adjudged cases, among which are well considered judgments of such eminent jurists as Chief Justice GIBSON, Mr. Justice SHARSWOOD and Mr. Justice COOLEY. It will require something more than assertion to overthrow a doctrine supported by such high authority. Undoubtedly, if it is once understood that courts will uphold and enforce such stipulations, we shall presently see notes so weighed down with this kind of ' ballast,' that the provisions to pay the debt and interest will be but a part of the obligation incurred by the debtor in signing the note. The ' ballast ' will become of more importance than the ship itself. The plaintiff in this case lately sued on a note in this court which contained a stipulation ' to pay the attorney's fee, court costs, and all other expenses in enforcing the collection of this note,' and it was gravely insisted in argument in that case that the defendant was liable to pay the hire of a horse and buggy, and the wages and expenses of the plaintiff's

collector for the time consumed in going to demand payment of the note after it fell due. And if the reasoning in *McIntire* v. *Cagley* [37 Iowa, 676] and other cases of that kind is sound, the contention in the case mentioned would not seem to be extravagant.

"The suggestion of some of the courts, which maintain the validity of such a provision, that the fee stipulated for must be reasonable in amount, and that the court should reduce it when in its opinion it is excessive, only proves the unsoundness of the doctrine. For if the parties can lawfully stipulate for the payment of an attorney's fee, in addition to the principal and interest of the debt, and the costs and fees allowed by law, then they can agree upon the amount of the fee, and the court has no more power over such a contract than it has over any other contract entered into between parties capable of contracting. Interest is the only damages the law allows for delay in the payment of money (*Loudon* v. *Taxing District*, 104 U. S. 771), and in case of suit the only fees and costs that can be recovered are those allowed by law."

Since in the case at bar there is no express agreement permitting the collection of an attorney's fee, no question can arise concerning the recovery of such a fee pursuant to stipulation. The only language which concerns in any wise such a possible stipulation is that which the defendant wrote in its letter concerning the collateral notes when the loans were made, and which is as follows:

"GENTLEMEN.—We are herewith handing you through Mr. F. G. Weiss two (2) notes of the Standard Film Service Company for $5,000 each, against which we understand you are advancing us 75% of the face amount, and we would thank you to kindly hand check for the proceeds to Mr. Weiss.

"We understand that when these notes are paid, you will return to us our equity in same, namely $2500.00.

"Yours very truly,
"WARNER BROS. PICTURES, INC.
"By S. T. WARNER, *Vice-Pres.*"

As clearly appears from the wording of this letter, what the defendant had in mind was that in the event it should become necessary for the plaintiff to collect from the third party, the maker of the notes, the plaintiff would keep out of the two notes of $5,000 each (of the total value of $10,000) the sum of $7,500, being seventy-five per cent of the face amount, which the plaintiff had advanced as a loan, and to return to the defendant the balance of the notes, or $2,500. So that it cannot be said that this defendant, by this letter, gave to the plaintiff the right to take out of the $10,000 not only the $7,500, but also an attorney's fee in addition,

since if it attempted to take out an attorney's fee it could not return to the defendant the full $2,500, which latter sum the defendant expressly stipulated should be returned. There is also a letter of October twenty-fifth wherein the defendant wrote as follows: "We herewith agree that any equity in said notes or any other security that you may hold on account of any particular loan or advance may be applied by you towards the payment or may be applied to any loss that may be sustained by you on account of the non-payment of any other note or notes covering any other advance or loan made by you to us on any note or notes." This letter, however, contains no reference to attorney's fees but is expressly confined to moneys owing through the non-payment of any other note or notes covering any advance or loan. Where, however, a creditor sues third parties, other than the debtor, upon the notes of said third parties given as collateral, then of course a situation is presented different from where the suit is brought directly against the debtor. In such case the pledgee, after collecting the notes from the third parties, is entitled to charge the expense of his collection, upon the theory that in so doing he was acting on behalf of the pledgor, since, if the pledgee did not collect the notes, the pledgor would be compelled to collect them and thus to incur the expense of collection. Where the pledgee collects the notes from the third parties, the pledgee may collect the full amount of the collateral, holding any surplus for the benefit of the pledgor and subject to a claim on behalf of the pledgee for the reasonable and necessary expense as against the third parties. (*Field* v. *Sibley*, 74 App. Div. 81; affd., 174 N. Y. 514.) The authorities cited for the proposition that the holder of collateral paper may recover the full amount due on it, although this exceeds the debt for which it was pledged (Jones Collateral Securities & Pledges [3d ed. 1912], 804; 31 Cyc. 864; *Field* v. *Sibley*, *supra*), all involve actions brought to enforce collection against third persons as distinguished from the pledgor. In the case at bar, as already noted, the creditor is suing the debtor to collect the debt, as distinguished from reducing the collateral to money by collecting the same from the maker of the notes.

It follows that the judgment appealed from should be affirmed, with costs to respondent.

CLARKE, P. J., and MARTIN, J., concur; DOWLING and McAVOY, JJ., dissent.

McAVOY, J. (dissenting). I cannot subscribe to the doctrine announced in the prevailing opinion and I, therefore, dissent for the reasons following:

**538** Mercantile Factors Corp. *v.* Warner Bros. Pictures, Inc.

First Department, February, 1926.        [Vol. 215

The question to be decided here is: May a creditor who receives from its debtor notes made by third persons and transferred to the creditor as collateral security for the debt, recover the full amount thereof in an action against the debtor on its enforcement of the notes when the portion of the debt remaining unpaid at the time of trial is less than the amount for which the notes were drawn?

The parties' controversy arose in this manner: The plaintiff brought two actions against the defendant on two promissory notes. Both actions arise out of the same transaction, and by stipulation of counsel both cases were tried together. The plaintiff, as " owner and holder " of the notes, sought to hold the defendant, its immediate indorser, for the face amount thereof. The notes in question were one made by the Standard Film Service Company and payable to the order of Warner Bros. (a copartnership), who indorsed and delivered the note to Warner Bros. Pictures, Inc., the defendant herein, due and payable on January 7, 1924, in the sum of $5,000; the other made by the Independent Film Corporation and also payable to the order of Warner Bros. (a copartnership), who indorsed and delivered the note to Warner Bros. Pictures, Inc., the defendant herein. This note was due and payable on January 16, 1924, in the sum of $5,000. The defendant Warner Bros. Pictures, Inc., indorsed and delivered these two notes to the plaintiff, together with three other notes each in the principal sum of $5,000, as collateral to secure an installment loan made by the plaintiff to the defendant in the sum of $18,750. The loan was repayable on the following dates and in the following amounts: January 7, 1924, $3,750; January 16, 1924, $3,750; January 22, 1924, $3,750; January 26, 1924, $3,750; February 5, 1924, $3,750. Each of the collateral security notes became due on the respective dates when the installments on the loan were repayable. The installments due January 7 and January 16, 1924, were not paid, nor were the two notes that matured on those dates. The remaining three notes in the total sum of $15,000 were all paid in full to the plaintiff, and the $15,000 so paid was applied by the plaintiff against the total loan of $18,750, thus leaving on February 5, 1924, a balance of $3,750 due and unpaid.

The notes due January 7 and January 16, 1924, which were not paid at maturity, went to protest, and on January 21, 1924, the plaintiff instituted these actions by attachment against the defendant to recover the face amounts thereof.

The plaintiff on this appeal maintains that it was a pledgee of the notes; and that as such pledgee it was entitled to recover the full amount thereof, namely, $10,000; and that from this amount

it may deduct, in addition to the unpaid balance of the loan, the expenses incurred in bringing these actions. The relief which the plaintiff asks is that the judgment appealed from should be reversed and a verdict directed in favor of the plaintiff for the amounts of the notes, with costs.

Defendant's obligation by way of debt, aside from its collateral pledge, is gleaned from this letter:

" WARNER BROS. PICTURES, INC.

" NEW YORK.     " October 25, 1923.

" MERCANTILE FACTORS CORP.
       " 212 Fifth Avenue,
              " New York, N. Y.:

" GENTLEMEN.— In consideration of your advancing us money on account of customers' notes given us in the regular course of business, we herewith agree that any equity in said notes or any other security that you may hold on account of any particular loan or advance may be applied by you towards the payment or may be applied to any loss that may be sustained by you on account of the non-payment of any other note or notes covering any other advance or loan made by you to us on any note or notes.

" Yours very truly,
       " WARNER BROS. PICTURES, INC.
              " By: S. T. WARNER,

" W-EB.                                    *Vice-Pres."*

Defendant having failed to pay either the loan or the notes, plaintiff commenced these suits by attachment upon the two protested collateral notes. When the three remaining collateral notes subsequently fell due, they were paid.

The defendant was permitted by the trial judge to show that the notes sued upon were given as collateral to secure an indebtedness; that three other notes given as collateral had been paid, and there remained unpaid on the indebtedness the sum of $3,750, against which plaintiff held the collateral sued upon. The defendant offered to pay $3,750, but resisted payment of the expense plaintiff was put to in collecting the collateral notes, all necessitated because of the defendant's successive defaults. The plaintiff then showed that when the present actions were commenced, there remained unpaid the entire loan of $18,750; that collateral sought to be collected was worth not more than $10,000.

Plaintiff's right to sue upon the collateral and recover the full sum thereof was absolute. A pledgee holding collateral has two remedies: He may sue to collect the money due on collateral, or

**540** Mercantile Factors Corp. *v.* Warner Bros. Pictures, Inc.

First Department, February, 1926. [Vol. 215

proceed on the original indebtedness without resorting to the collateral. Here the indebtedness of defendant was the loan, and the terms of it are outlined in the letters of defendant, to wit, an advance of seventy-five per cent of the face of the notes of the third parties. It sued not on this obligation.

At the time these suits were brought the entire debt had not matured. The debt matured as and when the respective collateral notes fell due. Further, at the time these suits were brought, no part of the debt had been paid. Since the collateral totalled only $10,000 and the debt $18,750, plaintiff obviously acted properly in suing for the full amount of the collateral.

That a suit upon collateral may legally result in recovery of more than the debt due is text-book and decision law. The learned author Jones in his work on Collateral Securities and Pledges (3d ed. 1912, p. 804) says: " The holder of collateral paper may recover the full amount due upon it, although this exceed the debt for which it was pledged, unless it is held subject to equitable defenses which the maker may have against his payee."

In 31 Cyc. (at p. 864) the rule is given to similar effect. " In a suit on the collateral, he [the pledgee] is not restricted to the recovery of his debt, but may collect the entire amount of the collateral, although any surplus after the satisfaction of his debt will be held by him for the pledgor." The decisions concur with this view, for in *Field* v. *Sibley* (74 App. Div. 81; affd., 174 N. Y. 514) it was held that the pledgee may collect the entire amount, reimburse himself for the amount of the debt remaining unpaid and all necessary expenses incurred by him and hold the balance as trustee for the pledgor.

Defendant's express agreement shows that this was the understanding which it had of the remedy. The defendant wrote in its letter concerning the loans: " We understand that when these notes are paid, you will return to us our equity in same." The defendant's liability arose as an indorser upon the collateral notes. The defendant was sued as such. Plaintiff, as a matter of law, was entitled to judgment for the full amount of the collateral. That the notes were actually given as collateral appears from the defendant's own allegations contained in its answers, where it was alleged: " That as additional and collateral security for the repayment of the said loan * * * the defendant did duly indorse and deliver * * *."

We find, too, in *Wheeler* v. *Newbould* (16 N. Y. 392) that the purpose of a pledge is not alone the collection of a debt but also the reimbursement of the creditor for loss and expense. There the ruling made was: " The primary and, indeed, the only purpose

of the pledge is to put it in the power of the pledgee to reimburse himself for the money advanced when it becomes due and remains unpaid. The contract carries with it an implication that the security shall be made effectual to discharge the obligation. It simply clothed the creditor with authority to sell the pledge and reimburse himself for his debt, interest and expenses, and the residue of the proceeds of the sale then belonged to the debtor."

Although circuity of action may be necessary for the recovery of plaintiff's equity after paying the interest, loan and expenses of the pledgee, if defendant does not voluntarily pay the sum due plaintiff, yet another circuitous action by plaintiff is avoided by permitting full recovery to the pledgee because he is not then remitted to an action to recover for his losses and expenses due to the borrower's dilatory payments of his obligations which the lender may recoup out of excess in collateral in his hands over the debt due him, and then render the balance to the pledgor.

The judgment should be reversed, with costs, and judgment directed for plaintiff for the full amount of the notes, with costs.

DOWLING, J., concurs.

Judgment affirmed, with costs.