John D. Bennett, S.
This is an accounting proceeding in which objections to the account of the executrix have been interposed by the decedent’s brother David Rose.
On the trial of the issues herein before the court, decision was reserved on the admissibility of certain testimony. Before disposing of the claims of the objectant, the court rules on the evidentiary matters as follows:
1. The objection by the attorney for the executrix relating to the testimony of the witness, Walter R. Samuels, on the subject of the alleged oral partnership is sustained and the answers to questions on that subject by this witness are stricken out.
2. The objection by the attorney for the executrix with respect to the testimony of David Rose as to whether he, David Rose, ever received payment on account of certain notes is sustained and the answer stricken out.
3. The objection by the attorney for the executrix to the testimony of David Rose relating to what he, David Rose, saw in the stubs of certain checkbooks belonging to the decedent is overruled.
4. The objection by the attorney for the executrix to the testimony of Benson H. Begun as it relates to the impeachment of the objectant’s witness, Henry J. Echer, is sustained.
5. With respect to the testimony of David Rose relating to a certain conversation with Henry J. Echer, said testimony was ordered stricken from the record at the trial. Accordingly, it is not necessary for the court to consider the objection again at this time.
6. At the trial herein certain ledger sheets were received in evidence, subject to the court’s ruling on their admissibility in this decision, after hearing the testimony of the witness Walter R. Samuels. The court finds that said records are not admissible inasmuch as they were not records kept by decedent but by the claimant and are not allowable under section 347 of the Civil Practice Act (Matter of Mulderig, 196 Misc. 527).
On September 22, 1958, David Rose, as a claimant, filed a “ Schedule of the Claim ” in this court. Said schedule consists of eight pages and sets forth in considerable detail the basis of his claims. On August 26, 1959, David Rose filed objections to the account of the executrix based on the afore-mentioned schedule of the claims.
*469 Subsequent to the trial of the claims herein the attorney for the claimant, David Rose, submitted a memorandum of law and a reply memorandum. The reply memorandum contains as its conclusion some eight items of relief to which claimant alleges he is entitled. The reply memorandum of the attorney for the executrix concedes items 1 and 2 and proceeds to state her position with respect to items 3 through 8. The claims presented will be discussed herein in the order in which they appear in said memoranda and will be referred to by the paragraph numbers used therein.
Items 1 and 2 in the amounts of $2,500 and $3,332.32, respectively, have been conceded by the executrix.
Item 3 relates to a claim for $15,000 based on a promissory note, which was the subject of a Supreme Court action transferred to this court and consolidated with this accounting proceeding. This claim was the subject of a trial in this court in which the court rendered a decision holding that the note was a valid and subsisting obligation of its makers and reserved the determination of the issues raised in the cross claim and counterclaim. On the basis of the proof offered herein, the court finds that the claimant is entitled to have judgment entered in his favor in the sum of $15,000, plus interest from November 18, 1958, against the estate. The counterclaim and cross claim are hereby dismissed.
Item 4 concerns two promissory notes in the sum of $12,000 each, payable to the order of Samuel Rose and indorsed “ Pay to David Rose — Samuel Rose. ’ ’ The drawer of these notes was Atlantic Builders Inc. The executrix has taken the position that introduction of these notes alone is not sufficient to entitle the claimant to a recovery thereon since they were by his own choice of words in his schedule of claim and again in his objections stated to have been assigned to him as collateral security for another underlying indebtedness. The claimant takes the position that his formal schedule of claim, even though filed with the court, is not in evidence and is not a pleading and entitled to probative value and further, even if the notes are considered collateral security, the claimant is entitled to recover thereon on the proof presented.
The court cannot agree with claimant’s argument as to the legal effect of a notice of claim. However, under the circumstances of the present case, it is not necessary for the court to explore that question. The two notes in question were payable to the decedent. Upon maturity they were presented for payment by the decedent and protested by him. His subsequent indorsement to the claimant made these instruments payable *470 on demand (Negotiable Instruments Law, § 26). The executrix neither asserted nor did she prove any defense to the claim based upon decedent’s indorsement of the notes except for assertions by counsel to the effect that the notes were given as security and as such could not be enforced without proof of the underlying debt. The two notes were introduced in evidence and appear valid on their face. The record does not contain clear proof either that these notes were given as security or as original obligations. The statements of the claimant in his schedule of claim and objections alone are relied upon by the executrix and which, when read in their entirety, are not clear on the point.
The attorney for the executrix cites Mercantile Factors Corp. v. Warner Bros. Pictures (215 App. Div. 530, affd. 244 N. Y. 504) in his memorandum of law. In that case the court held where notes were indorsed by the payee to his creditor in the nature of a pledge, that upon a suit based on these notes as between creditor and debtor, the defendant debtor was entitled to plead part payment and upon proof of such part payment, the recovery by the plaintiff creditor would be reduced accordingly.
In the case at bar, the executrix has not offered proof sufficient to enable the court to determine that a defense of part payment or payment in fact exists. Accordingly, the court allows recovery by the claimant herein for the full amount stated in the notes in evidence plus interest.
Item 5 relates to a certain mortgage which is referred to as the Eadbro mortgage and which is reflected in the account of the executrix as being property of the estate. The claimant objects to the account and alleges ownership of the mortgage by virtue of an assignment of the mortgage executed by the decedent in his favor. The assignment of the mortgage was introduced in evidence and is valid on its face. With respect to the ownership thereof, the same reasoning must apply as in the case of the notes previously discussed with relation to item 4 herein. The ownership of the mortgage and the debt secured thereby is now in the assignee, subject to any offer of proof by the executrix as to a set off with respect to the original debt for which the mortgage was assigned as security if, in fact, this was the case. Here ag’ain the record does not clearly show that the mortgage was assigned as security or in the nature of a pledge but even if that were the fact, the executrix has failed to prove any set off and accordingly, this objection to her account must be sustained to the full extent of the mortgage and the indebtedness secured thereby as stated in the assignment.
*471 Items 6, 7 and 8 deal with certain business ventures in which the claimant asserts a 25% interest and alleges that the remaining interest was shared 25% by decedent and 50% by Walter R. Samuels. With respect to items 7 and 8, the ventures Rose, Samuels and Rose, and Rose Samuels and Rose, Special, the court finds sufficient evidence to establish the interest of the claimant therein to the extent of 25%. However, concerning item 6, an action is presently pending in the Supreme Court, Westchester County, in which David Rose and Walter R. Samuels are named as defendants. The court does not have before it sufficient evidence to determine whether there is any contingent liability resulting from an alleged agreement between David Rose and decedent to the effect that decedent was to share David Rose’s portion of profits and losses equally with him. Accordingly, this court does not find at this time, without prejudice to any rights the claimant may have against this estate in the Westchester County action, that this estate is contingently liable as alleged by the claimant.